[No. 741. Decided February 18, 1893.]

THE STATE OF WASHINGTON, *Respondent*, v. H. C. PLACE, *Appellant*.

SODOMY — PROSECUTION FOR ASSAULT — EVIDENCE — SEPARATION OF JURY.

Although the Penal Code does not define the crime against nature known as sodomy, nor impose a penalty for its commission, yet, under the statutory provisions making all common law crimes indictable, a prosecution will be sustained for an assault with intent to commit such crime.

In a prosecution for an assault with intent to commit sodomy upon the person of another, perpetrated upon a moving train, evidence is admissible of a prior assault committed upon the same train a couple of hours previously, although made in another state, for the purpose of showing the defendant's real intention in making the second assault.

It is reversible error to allow the jury, in a prosecution for a criminal offense, to separate, without the consent of the defendant, during the progress of the trial. (HOYT, J., dissents.)

*Appeal from Superior Court, Lewis County.*

*Langhorne & Langhorne*, and *M. J. Gordon*, for appellant.
*G. T. Swasey*, Prosecuting Attorney, for The State.

The opinion of the court was delivered by

STILES, · J.— The information against appellant stated facts sufficient to constitute an offense under Penal Code, § 22.     It is true that the crime against nature punishable as a felony at common law (1 Bishop's Crim. Law, § 503), is not so punishable in this state, because no penalty has been fixed by statute.     But under Code of 1881, § 782, all common law crimes were indictable, and we think the change of the phraseology of the section made by the legislature of 1891 (Code Proc., § 1185), does not restrict the meaning of the section to the jurisdiction of the superior court only.

That the legislature has seen fit to allow the completed offense to escape with no punishment, and to inflict a severe penalty for an assault committed with intent to commit the substantive crime, is not ground for the court's refusing to sustain a prosecution.

Counsel appeal to us to review the evidence, and say that it was insufficient to sustain a conviction; and, if we were to accede to the proposition that only what happened in Lewis county should be considered, it would be difficult to say that the case had been made out, because the facts in evidence would leave it doubtful what the appellant was trying to do when he made the second assault upon the complaining witness.     But it was entirely legitimate for the court to allow the state to show what occurred while the train was yet in Oregon, for the purpose of assisting the jury to come to a conclusion as to what appellant's real intention was in making the second assault; and from what had happened only an hour or two before we do not see how the jury could have well found otherwise than that the

second assault was with the same intent as the first one, where the intent was very clear.

But the case must be reversed for the error of the court in permitting the jury to separate, without the consent of the appellant, during the progress of the trial.   Code Proc., § 1311, is mandatory, and must be obeyed.   *Anderson v. State*, 2 Wash. 183 (26 Pac. Rep. 267).   It was especially important in such a case as this, where a large number of spectators were attracted to the trial, and where the testimony given could not help producing disgust and indignation.   To let a jury, under such circumstances, scatter among the crowd, was to subject them to chances of outside influence which they could not avoid, and which the accused had a right to have them kept free from.

Judgment reversed, and cause remanded.   .

DUNBAR, C. J., and SCOTT and ANDERS, JJ., concur.

HOYT, J. (*dissenting*). — I am unable to agree with the majority of the court in the reversal of the judgment. The record shows that the separation of the jury during the progress of the cause was but for a few minutes, and that, at the time such separation was allowed by the court, the defendant and his attorney were present, and made no objection whatever to such separation.   Under these circumstances, I think it should be held that they had consented thereto.   I see no reason whatever for holding that a person charged with crime should not be allowed to waive any of his rights the same as he could in a civil action.   If he can waive all of his rights to a trial, and be adjudged guilty upon his own plea to that effect (as he can in the case of all crimes not capital), I see no reason whatever for holding that he cannot waive any of the formalities to which he might be entitled as a part of his trial.   If he can thus waive his rights, he should be held to have done so when his conduct is such that it appears clearly that he

had knowledge that such formality was to be dispensed with, and made no objection thereto. In civil actions it is universally held that if a jury separate, even after a case has been submitted to them, the verdict will not be set aside without proof that such separation has been prejudicial to the rights of the party against whom the verdict was rendered. There is no reason why the same rule should not obtain in the case of one convicted of a crime. In a capital case the defendant cannot waive his right to a trial, even by a plea of guilty; and it may well be held in that class of cases that he cannot waive any formality which is at all essential to a full and fair trial. It seems to me that in all other criminal cases it is something like a travesty upon justice to hold that because the jury, for ever so brief a time, left their seats without being kept together by an officer, a verdict thereafter rendered by them should, on motion of the defendant, be vacated, even although, at the time the jury thus acted, he was present in court with his counsel and saw them thus behaving, and made no protest or objection whatever. So far as I know, the rule is universal that in criminal, as well as in civil, cases, the defendant, if aggrieved by a ruling or decision of the court, must preserve his exception thereto, in order that he may get relief in this court against such ruling, if erroneous. The same principle, applied to the case at bar, will, I think, preclude the defendant from getting relief here against something that was improperly done during the progress of the trial, with his full knowledge; for the reason that it was his duty, if he desired to take advantage of such wrongful conduct, to preserve an exception thereto. I think the judgment should be affirmed.