[No. 5836. Decided December 26, 1905.]

THE STATE OF WASHINGTON, *Respondent,* v. HENRY STRODEMIER, *Appellant.*[1]

CRIMINAL LAW—JURORS—MISCONDUCT—NEW TRIAL. It is misconduct entitling the accused in a criminal case to a new trial, for a juror to separate from the body of the jury and go with a bailiff to a public drinking saloon and take a drink of intoxicating liquor, without the knowledge or consent of the judge (RUDKIN and FULLERTON, JJ., dissenting).

SAME—PRESUMPTION OF PREJUDICE. Where a juror is guilty of such misconduct, it cannot be shown that the same was without prejudice by the fact that he was the last juror to consent to the verdict, since prejudice will be conclusively presumed (RUDKIN and FULLERTON, JJ., dissenting).

Appeal from a judgment of the superior court for Douglas county, Steiner, J., entered May 18, 1905, upon a trial and conviction of the crime of cattle stealing. Reversed.

W. J. Canton and W. E. Southard, for appellant, cited, Bal. Code, § 6947; *State v. Place,* 5 Wash. 773, 32 Pac. 736; *State v. McCormick,* 20 Wash. 94, 54 Pac. 764.

W. A. Reneau and Sam B. Hill, for respondent, upon the point that there was no misconduct on the part of the juror warranting a new trial, cited, *inter alia: State v. Burns,* 19 Wash. 52, 52 Pac. 316; *Edwards v. Territory,* 1 Wash. Ter.

[1]Reported in 83 Pac. 22.

195; *People v. Bemmerly,* 98 Cal. 299, 33 Pac. 263; *State v. Harris,* 12 Nev. 414; 17 Am. & Eng. Ency. Law (2d ed.), 1221; *State v. Wart,* 51 Iowa 587, 2 N. W. 405; *Crockett v. State,* 52 Wis. 211, 8 N. W. 603, 38 Am. Rep. 733; *State v. Fertig,* 70 Iowa 272, 30 N. W. 633; *State v. Griffin,* 71 Iowa 372, 32 N. W. 447; *State v. Kennedy,* 77 Iowa 208, 41 N. W. 609; *Epps v. State,* 102 Ind. 539, 1 N. E. 491; *Cooper v. State,* 120 Ind. 377, 22 N. E. 320; *Drew v. State,* 124 Ind. 9, 23 N. E. 1098; *State v. Bailey,* 32 Kan. 83, 3 Pac. 769; *Cook v. Territory,* 3 Wyo. 110, 4 Pac. 887; *People v. Lyle* (Cal.), 4 Pac. 977; Hughes, Crim. Law & Proc., § 3359; *Territory v. Hart,* 7 Mont. 489, 17 Pac. 718; *State v. Reed,* 3 Idaho 754, 35 Pac. 706; *People v. Leary,* 105 Cal. 486, 39 Pac. 24; *People v. Van Horn,* 119 Cal. 323, 51 Pac. 538; *State v. Corcoran,* 7 Idaho 220, 61 Pac. 1034; *State v. Livingston,* 64 Iowa 560, 21 N. W. 34.

MOUNT, C. J.—Appellant was convicted of the crime of cattle stealing. He alleges three errors of the trial court. One of these is decided adversely to his contention in *State v. Strodemier,* 40 Wash. 608, 82 Pac. 915. Another cannot arise upon a new trial. It is therefore necessary for us to consider but one of the alleged errors. At the beginning of the trial of the case, the jury was ordered kept together in charge of sworn bailiffs. While the jurors were not sitting in the jury box, they were kept at a hotel at the county seat. On the morning of January 5, 1905, before the court had convened for the day, and before the jury had breakfasted, one of the jurors, in company with one of the bailiffs, went to a public drinking saloon out of the hotel, without permission of the court or the consent of appellant, and there took a drink of whiskey, and immediately returned in charge of said bailiff to the other jurors at the hotel. One or two other persons beside the bar tender were in the saloon while the juror and the bailiff were there, but no conversation took place between said juror and other persons, except such con-

versation as was necessary to order drinks. Appellant maintains that this was such misconduct of the jury as to entitle him to a new trial. The question was presented to the trial court upon motion for a new trial, which was denied.

The court should have sustained the motion upon this ground. If the rule is established that a juror, in company with a bailiff, may separate from the body of the jury and go to a public drinking saloon, and there indulge in drinking intoxicating liquors, without the knowledge of the trial judge or the consent of the defendant, dire results may follow. If one juror may be permitted to do such acts, the whole jury may do so, and jurors disposed to such habits may readily bring jury trials into disrespect and contempt. Public policy forbids that such acts be tolerated in the trial of causes. The fact that the juror took a drink of intoxicating liquor during the trial is not so reprehensible of itself as the fact that he went to a public drinking saloon and, at such public place, in the presence of the bar tender and one or two others, drank liquor, and was permitted to go there by an officer whose sworn duty required that he should not give the juror drink except by order of the court.

It is the policy of the law, in keeping jurors together and away from the public, that nothing outside of the evidence shall be permitted to influence their verdict. When they are taken, either singly or in a body, to a public drinking saloon, where people who are interested may be expected to, and frequently do, congregate to discuss the case on trial, an opportunity is afforded for undue influence upon the jury, and the spirit, if not the letter, of the law is violated. Cases, no doubt, frequently arise where, from necessity, a juror is permitted to withdraw from the body of the jury for a short period of time, and without the express order of the court or the consent of the defendant on trial. Such acts, of course, arise from necessity, and would not be held to be misconduct. But such is not the case here. The only excuse offered is

that the juror was suffering from a cold and pain in the stomach. If these facts were true, no emergency is shown, and no excuse is offered for not applying to the court for an order for some remedy, which could readily have been granted without exposing the juror to the public in the unseemly manner which he took upon himself. Neither he nor the bailiff was justified in this conduct.

In order to avoid the misconduct of this juror, the state filed affidavits of several of the jurors to the effect that the juror was the last to consent to a verdict of guilty; and it is contended for that reason that the misconduct of the juror was without prejudice. But the rule seems to be that, where misconduct is admitted, jurors cannot be heard to deny its prejudicial influence. *People v. Chin Non,* 146 Cal. 561, 80 Pac. 681; *People v. Stokes,* 103 Cal. 193, 37 Pac. 207; *People v. Azoff,* 105 Cal. 632, 39 Pac. 59.

We think that, under the circumstances of this case, prejudice must be presumed. The judgment is therefore reversed, and the cause remanded for a new trial.

DUNBAR, HADLEY, CROW, and ROOT, JJ., concur.

RUDKIN, J. (dissenting)—There are but two conceivable reasons why the verdict should be set aside in this case: First, because one of the jurors was separated from his fellow jurors, for a few minutes, in company with a sworn officer of the court having him in charge; or second, because the same juror entered a public saloon and took a drink of whiskey during the progress of the trial. We cannot believe that the majority intends to lay down the rule that a verdict must be set aside every time a juror enters a public saloon or takes a drink of whiskey during the progress of a trial. Those who are familiar with the habits of twelve men picked up from the ordinary walks of life know full well the results that would follow from the adoption of any such rule.

Nor did the withdrawal of the juror from his associates under the facts disclosed in the record constitute a separa-

tion of the jury in legal contemplation. "The presumption will not be indulged in that a separated juror was tampered with in the immediate presence of the officer having him in charge." 12 Ency. Plead. & Prac. 572. Even where there is an improper and unauthorized separation of the jury, according to the great weight of authority, the only effect of the separation is to throw upon the state the burden of rebutting the inference that injury or prejudice may have resulted to the accused, by reason of the separation. Id., 568-570. It is unnecessary for us to consider what the proper rule should be in this jurisdiction, under such circumstances, but we refer to the majority rule for the purpose of showing that, in a case like this, where there has been no separation in fact, and where it is affirmatively and conclusively shown that no prejudice resulted, a new trial should not be granted. While the conduct of the bailiff and juror is properly subject to censure and criticism, the parties to the action were in no manner responsible for their shortcomings.

We think proper punishment meted out to the juror and the officer for their contumacious conduct in disobeying the orders of the court, would fully satisfy the demands of public justice, and that the new trial should be denied.

FULLERTON, J., concurs with RUDKIN, J.