## WILCEK v. STATE.

(Court of Criminal Appeals of Texas. Nov. 22, 1911.)

1. CRIMINAL LAW (§ 721*) — MISCONDUCT OF PROSECUTING ATTORNEY—REFERENCE TO ACCUSED'S FAILURE TO TESTIFY.

A prosecuting attorney's statement to the jury that, although accused had offered no testimony under his defense, the attorney did not intend to refer to his failure to testify was erroneous, as making such reference.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1672; Dec. Dig. § 721.*]

2. CRIMINAL LAW (§ 854*)—JURORS—SEPARATION.

After ten jurors had been accepted, it was error to permit them to separate, without placing them in charge of an officer.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2044; Dec. Dig. § 854.*]

Appeal from District Court, Fort Bend County; Wells Thompson, Judge.

Rudolph Wilcek was convicted of cattle theft, and he appeals. Reversed and remanded.

W. I. McFarlane, John M. Cobb, L. M. Ballowe, and L. M. Williamson, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of cattle theft.

We deem it unnecessary to go into any particular statement of the facts.

[1] 1. During the trial and while one of the prosecuting attorneys in the case, Mr. Pearson, was addressing the jury, he remarked: "The defendant's defense in this case is— Although he has offered no testimony to that effect, I do not mean to refer to his failure to testify." Whereupon appellant's attorney, in the hearing and presence of the jury, excepted to said argument, upon the ground that it was an allusion to the fact that the defendant had not testified, and the court informed Mr. Pearson that he should not allude to the failure of defendant to testify. To which Mr. Pearson replied: "I have not referred to defendant's failure to testify. On the contrary, I stated to the jury that I did not so mean to refer to that fact." This is shown by the bill of exceptions. This was clearly an allusion to the fact that the aerendant did not testify. The expression, "I do not mean to refer to his [meaning defendant] failure to testify," clearly and unequivocally refers to the fact that defendant did not testify.

2. There is a bill of exceptions to the refusal of the court to grant a continuance, which we deem unnecessary to discuss, inasmuch as the case will be reversed on the above-stated ground. These witnesses may be in attendance upon another trial of the court, if the case should be tried again. However, the continuance ought to have been granted.

[2] 3. There was an amended motion for a new trial. Among other things, it is set up in said motion that after ten of the jurors had been selected and accepted by the state and defendant as jurors, they separated, not in charge of an officer. In signing the bill of exceptions, the court makes this statement and modification: "After ten of the jurors had been duly selected and accepted by the state and defendant as jurors, and at the time, it being adjourning time for the evening, on April 17, 1911, 5 o'clock p. m., and the venire for the week having been exhausted, the court not desiring to keep the said ten jurors together under the direction of an officer for the night, and desiring to give them their liberty for the night, and the district attorney and attorney for the defendant having agreed that the said ten jurors might thus separate for the night and until the next morning, not in charge of an officer, which was done," etc. This was, in our judgment, clearly a violation of the statute. The appellant did not personally agree to it; but if he had the statute requires that when a jury separates by the consent of the defendant the jurors must be in charge of an officer.

The judgment is reversed, and the cause is remanded.