### JOHN JONES v. STATE.

#### No. 1973.   Decided January 22, 1913.

#### Rehearing denied February 26, 1913.

**1.—Theft from Person—Sufficiency of the Evidence.**

Where, upon trial of theft from the person, the evidence sustained the conviction, there was no error.

**2.—Same—Continuance—Want of Diligence—Testimony Probably Not True.**

Where, upon trial of theft from the person, the application for continuance showed a want of diligence and that the alleged absent testimony was probably not true, there was no error in overruling the motion. Following Giles v. State, 66 Texas Crim. Rep., 638.

**3.—Same—Jury and Jury Law—Separation of Jury—Rule Stated.**

The statute does not require the court to keep together jurors who have been accepted in a felony case less than capital when they have not been sworn to try the case; and to successfully challenge any or all of them, in case they have separated before being sworn, the defendant must affirmatively show that the jurors have been tampered with while thus separated, and because thereof they are not fair and impartial jurors, and that by such tampering, defendant has not had a fair and impartial trial. Overruling Wilcek v. State, 141 S. W. Rep., 88. Davidson, Presiding Judge, dissenting.

**4.—Same—Statutes Construed—Fair Trial.**

See opinion for construction and review of Articles 698, 699, 745, 746, 10, 22, 687, 690, 837, Code Criminal Procedure, with reference to separation of jurors and securing a fair and impartial trial.

**5.—Same—Case Stated—Challenge.**

Where, upon trial of theft from the person, nine jurors had been accepted by both sides but had not been sworn as jurors, and were then permitted to separate during the noon recess of the court, and it was shown that they had not had any communication with anyone about the case or that they were not fair, competent and impartial jurors, there was no error in overruling defendant's motion to set aside the jurors. Davidson, Presiding Judge, dissenting.

**6.—Same—General Objections—Practice on Appeal.**

Where, appellant's complaint concerning the charge of the court are entirely too general, they cannot be considered on appeal. Following Berg v. State, 64 Texas Crim. Rep., 612, and other cases.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of theft from the person; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Ellis P. House,* for appellant.—On question of continuance: Gilder v. State, 61 Texas Crim. Rep., 16, 133 S. W. Rep., 883; Presley v. State, 60 Texas Crim. Rep., 102, 131 S. W. Rep., 332; Cameron v. State, 57 Texas Crim. Rep., 316, 122 S. W. Rep., 870.

On question of separation of jurors: Myers v. State, 65 Texas Crim. Rep., 448, 144 S. W. Rep., 1134; Wilcek v. State, 141 S. W. Rep., 88, and cases cited in minority opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—Appellant was convicted for privately stealing from the person and his punishment fixed at five years in the penitentiary.

The evidence of the State is clear and ample, showing the guilt of appellant.

The court did not err in overruling appellant's motion for a continuance and later for a postponement of the case. The motion and bill of appellant on the subject, as explained by the court, show such a lack of diligence on appellant's part as not to entitle him to a continuance. The qualification of the Judge to the bill is as follows: "Explanation—I do not think sufficient diligence was shown, nor did I believe that the testimony of the absent witnesses were material, or if so, probably true—see where the defendant in the statement of facts contradicts the allegation of this motion by stating that immediately after the loss of the money, the prosecutor and his wife charged the defendant with stealing it. I do not know when I made the order, setting the case for trial, but I do know that I examined the docket, and the envelope containing the papers of the case and found no attorney for them, although I have frequently requested counsel to record their names so that the court could notify them. Further, I sent the clerk of the court to jail to find out who was defendant's attorney, and to obtain the names of the witnesses. The record shows (and the clerk informs me) that the defendant did not tell him who his attorney was, but gave his witnesses' names as follows: Quincy McKinney, works in T. & P. yards in Ft. Worth, Texas; negro porter, runs on morning train eastbound on T. & P. R. R. out of Ft. Worth. The clerk issued the subpoena and mailed it to Ft. Worth and the Tarrant County sheriff returns the same received February 17, 1912, and after diligent search and inquiry, not found in Tarrant County, Texas. Although Mr. House, attorney, went to Waxahachie without obtaining process, and I did not know that he was attorney until the 19th of February. I did postpone the case until his return on February 20th, when the case was tried. This application was presented by defendant as stated in the bill, and was overruled. To this extent,

I approve the bill.'' Giles v. State, 66 Texas Crim. Rep., 638, 148 S. W. Rep., 317.

By two other bills appellant complains that the court erred and that the case should be reversed, because the court refused to sustain his challenge to nine of the jurors, under this state of facts: After the jury panel had been examined by both sides, touching their qualifications as jurors to try the case and both sides having struck their lists and handed them to the clerk, who noted down the names of the accepted jurors, nine in number, which nine jurors had been accepted by both sides as jurors to try the case but had not been sworn as jurors, the court permitted them to separate and go to their respective places of business or where they desired from 11:15 o'clock a. m. until 2:00 o'clock p. m. unaccompanied by an officer, and when court convened at 2:00 o'clock p. m. and all of said nine jurors had returned to sit as jurors in the case, the defendant in open court, made a motion to quash the jury panel on the grounds that the court had allowed the jury to separate. The bills nowhere and in no way attempt to show that the nine accepted jurors, who had not been sworn and empaneled, had talked to anyone about the case, or that anyone had talked to them about the case, and nowhere and in no way attempts to show that they were in any way not fair and impartial and competent to try the said case. The sole ground claimed is that because they were permitted to separate and go where they pleased, during the noon hour. The Judge, in approving the bill, stated: ''I can not find when it has ever been held in Texas that jurors are to be held in custody by the sheriff until they are empaneled and sworn. In capital cases, of course, they are sworn and empaneled as each is accepted. I instructed the jury not to speak to anyone about the case or allow any one to speak to them during the recess. I want the upper court to direct whether a jury must be confined over night or recess before the jury is completed or before any of them are sworn to try the case.''

We have sought diligently to find any case decided by this court or any statute requiring the accepted jurors in such case, as shown, to be kept together in charge of an officer or that because they are not so kept together in charge of an officer that it would result fatally to a conviction and require this court to reverse, and have failed to find any, except the case of Wilcek v. State, 141 S. W. Rep., 88 and appellant's attorneys have cited us to no other case except the Wilcek case. The only statutes we have found, as we think, which bear upon the question, are the following:

''Article 698, Code Criminal Procedure: As each juror is selected for the trial of the case, the following oath shall be administered to him by the court, or under its direction: 'You solemnly swear that in the case of the State of Texas against A. B., the defendant, you will a true verdict render, according to the law and the evidence, so help you God.' ''

"Article 699. The court may adjourn persons summoned as jurors in a capital case to any day of the term; but when jurors have been sworn in a case, those who have been so sworn shall be kept together and not permitted to separate until a verdict has been rendered, or the jury finally discharged, unless by permission of the court, with the consent of the State and the defendant, and in charge of an officer."

These articles refer to the organization and empaneling of a juror in a capital case. Another article with reference to the jury separating before verdict, after even being empaneled and sworn and on the trial of the case is Article 746, Code Criminal Procedure: "In case of misdemeanor, the court may, at its discretion, permit the jury to separate before the verdict, after giving them proper instructions in regard to their conduct as jurors in the case while so separated."

With reference to the jury on such subject in felony cases, other than capital, the statute is, Article 745, Code Criminal Procedure: "*After* the jury has been *sworn and impaneled* to try any case of felony, they shall not be permitted to separate until they have returned a verdict, unless by permission of the court, with the consent of the attorney representing the State and the defendant, and in charge of an officer."

It is true that our Constitution and Code provides, Article 10, Code Criminal Procedure and Bill of Rights: "The right of trial by jury shall remain inviolate," and Article 22, Code Criminal Procedure provides: "The defendant in a criminal prosecution for any offense may waive any right secured to him by law, except the right of trial by jury in a felony case." The Code of Procedure expressly provides, in the organization of juries in criminal cases, who are incapable or unfit to serve as jurors. Criminal Code of Procedure, Article 692; and also prescribes the questions that are to be asked the jurors when empaneling a jury, the mode of testing their qualifications and the questions to be asked them. Criminal Code of Procedure, Article 687. It also prescribes Article 680: "The defendant may challenge the array for the following causes *only*: That the officer summoning the jury has acted corruptly and has wilfully summoned persons upon the jury known to be prejudiced against the defendant with a view to cause him to be convicted." But in the next article, expressly provides that when the jurors summoned are those who have been selected by jury commissioners, even such challenge of the array can not be made.

Then Article 837 provides that "new trials, in cases of felony, shall be granted for the following causes and for no other": After giving certain causes which have no application to this question, in sub-division 8, which is the only one applicable to this question, says: "Where, from the misconduct of the jury, the court is of opinion that the defendant has not received a fair and impartial trial &ast; &ast; &ast;"

It is perfectly apparent and clear to us that all the provisions of

our law on the subject of jurors to try felony cases were enacted so that a fair and impartial jury may be had. In this case no attempt was made to show that either of the said nine jurors were not fair and impartial. If such had been the case appellant could have made his attack when he first challenged the array of these nine jurors at 2 o'clock p. m. on the day of the trial, or if not then, certainly by a motion for a new trial during the term of the court. But no such attack or claim was made, even by implication, other than the mere fact that the court did not keep the nine accepted jurors together in charge of an officer at the noon recess. No attempt was otherwise made in this case to show, either directly or indirectly, that appellant was in any way injured by these nine persons having been permitted to separate during the noon recess.

Construing all of these articles together we think it is clear and beyond dispute that the law does not require or contemplate that jurors, in such instances, shall be kept together in charge of an officer. Article 699, supra, expressly provides that the court may adjourn persons summoned as jurors in capital cases to any other day of the term, but says, *when jurors have been sworn* in cases and *those who have been so sworn,* shall be kept together and not permitted to separate until a verdict has been rendered or the jury discharged, unless by permission of the court with the consent of both parties, in charge of an officer, thereby specifying what jurors shall be kept together, in charge of an officer and what shall not be so kept together, and limits those who are to be kept together to *those who have been sworn* in the case. Again, Article 745, supra, expressly emphasizes this, in that it says, *after the jury has been sworn and empaneled* they shall not be permitted to separate, thereby again emphasizing the fact that if it is only the sworn and empaneled juror who is prevented from separating. Clearly and unquestionably if the law had intended that jurors were to be kept together before they were sworn and empaneled, the statute would have said so in clear and unmistakable language. Under the circumstances stating when they should be kept together and not permitted to separate in all cases, as is shown above, excludes the idea that they are to be kept together under any other circumstances and under the circumstances as shown in this case.

We are not without cases decided by this court and the Supreme Court, when it had criminal jurisdiction, of when and how a verdict is invalid where, even the jurors separated *after* being empaneled and sworn and *after* hearing a part or all of the testimony in the case, and even when considering their verdict, after hearing all the evidence, argument and charge of the court.

The correct rule is laid down in the case of Jack v. State, 26 Texas, 1, which was a capital case and affirmed. The Supreme Court said: "It must be shown that the misconduct or separation has affected the fairness or impartiality of the trial." To the same effect is Wake-

field v. State, 41 Texas, 556; also Johnson v. State, 27 Texas, 758. In Robinson v. State, 58 Texas Crim. Rep., 550, which was a death penalty case affirmed, this court, through Judge McCord, said: "The mere separation of a jury, pending verdict, is not cause for a new trial; in addition to the separation in contravention of law, it must further be made to appear that by reason of such separation, probable injustice to the accused has been occasioned." In Ogle v. State, 16 Texas Crim. App., 368, Judge Willson, for this court said: "The mere separation of a jury, pending verdict, is not cause for a new trial; in addition to the separation in contravention of law, it must further be made to appear that by reason of such separation, probable injustice to the accused has been occasioned," citing the statute and Davis v. State, 3 Texas Crim. App., 91; Cox v. State, 7 Texas Crim. App., 1; West v. State, 7 Texas Crim. App., 150; Russell v. State, 11 Texas Crim. App., 288.

In Stewart v. State, 31 Texas Crim. Rep., 153, this court, through Judge Simpkins, said: "It appears that during the deliberation of the jury, and while in the custody of two bailiffs, one of the jurors, E. P. Bass, was allowed to leave the jury room, and, unattended, convey up some bedclothes to the floor above, to the person from whom they were borrowed, then walk across the hall, while upstairs, to a friend's room, and get a drink of whisky, and, upon being asked, stated the jury had not agreed upon a verdict. This, however improper and suspicious, would not of itself warrant a reversal; it not being shown that probable injustice was done."

In Boyett v. State, 26 Texas Crim. App., 689, which was a murder case in which the appellant was convicted for a life sentence, and affirmed, Judge Hurt, for the court, after stating that where a separation of the jury was permitted by the court, over the then objection of the appellant, it would present reversible error, but said: "But in cases like the one in hand, and where the jury separate without permission of the court, to reverse, it must appear that the juror conversed with others about the case, or was guilty of misconduct to the prejudice of the accused," citing Jones v. State, 13 Texas, 168; Jack v. State, supra; Wakefield v. State, supra; March v. State, 44 Texas, 64; Defriend v. State, 22 Texas Crim. App., 570.

Judge White in sec. 865, p. 559, of his Ann. C. C. P. says: "To reverse because the jury separated without consent of the court, it must appear that the separating juror conversed with other persons about the case, or committed other misconduct to the prejudice of the accused," citing Boyett v. State, supra, and Taylor v. State, supra. See other cases in this section cited by Judge White.

So that on this question, we hold:

First, the statute in no way requires the court to keep together accepted jurors in a felony case less than capital, when they have not been sworn to try the case; second, that where jurors in such case have been accepted and not sworn in order to successfully challenge

any or all of them the appellant must affirmatively show that they have been tampered with while separated, and because thereof they are not fair and impartial jurors and that by such tampering with them he has not had a fair and impartial trial.

We inadvertently held in the case of Wilcek v. State, 141 S. W. Rep., 88, cited above, that such a separation of unsworn jurors was "clearly a violation of the statute." In so holding we were in error and that case on this point is hereby expressly overruled.

Appellant's complaint that the court erred in refusing to give his special charge No. 1, and his bill of exception to that effect, are entirely too general to require this court to consider it. Bird v. State, recently decided; Berg v. State, 64 Texas Crim. Rep., 612, 142 S. W. Rep., 884; Ryan v. State, 64 Tex. Crim. Rep., 628, 142 S. W. Rep., 878. Besides, as stated by the court there was no evidence calling for any such charge.

No error having been pointed out, the judgment will be affirmed.

*Affirmed.*

[Rehearing denied February 26, 1913.—Reporter.]

DAVIDSON, Presiding Judge (dissenting).—There are several questions in the case that perhaps ought to require a reversal of the judgment. It occurs to me defendant has not had the fair and impartial trial that the law justifies him in asking and demanding of the State to award him. I desire, however, to enter some reasons for dissenting on one of the propositions.

A bill of exceptions shows that after the jury had been examined on their voir dire by both sides touching their qualifications as jurors, and nine of the number had been accepted by both sides as jurors in the case, but had not been sworn to try the case, the court permitted them to separate and go to their respective places of business or where they desired. This occurred at 11:15 o'clock in the morning and they remained separated until 2 o'clock p. m. unaccompanied by an officer, and when court convened at 2 o'clock p. m. and all of said nine jurors had returned to their place in the courtroom, defendant in open court made a motion to quash the jury panel on the ground that the court had allowed them to separate, which they did, going where they choosed unaccompanied by an officer, and further because they had scattered and separated and had not been kept together in charge of an officer. All these matters were overruled and defendant excepted to the ruling of the court for the reasons stated. The court qualified this bill by stating that he "could not find where it had ever been held in Texas that jurors are to be held in custody by the sheriff until they are empaneled and sworn. In capital cases, of course, they are sworn and impaneled as each is accepted. I instructed the jury not to speak to anyone about the case or allow anyone to appeal to them during the recess. I want the upper court to direct whether a jury must be confined over

night or at recess before the jury is completed or before any of them are sworn to try the case.'' This qualification is signed by the district judge who tried the case.

Another bill presents the matter in this form: After the court had permitted nine of the jurors selected by the State and defendant, as jurors to try the cause, to separate and go where they desired unaccompanied by an officer from 11:15 a. m. until 2 p. m. and after the court had in all things overruled the defendant's motion to quash the jury panel, and defendant's challenge of said nine jurors for cause, the defendant then in open court made his challenge for cause to each of the said nine jurors and challenged them separately for cause on the grounds that they had been permitted to separate from 11:15 a. m. until 2 p. m. and go in different directions unaccompanied by an officer, which motion to challenge each of said nine jurors separately the court overruled and compelled the defendant to accept said nine jurors as jurors to try the cause. This bill is signed without qualification.

Another bill recites that after counsel for both parties had struck their lists and accepted the nine jurors specified to try the case, the court permitted them to separate and go to their respective places of business or wherever they saw proper to go from 11:15 o'clock a. m. until 2 o'clock p. m. unaccompanied by an officer, and after the court, when it reconvened at 2 o'clock p. m., had overruled defendant's motion to quash the jury panel, the defendant then challenged all of the jurors for cause for the reason that said nine jurors had been permitted to go in different directions and where they choosed from 11:15 a. m. until 2 p. m. unaccompanied by an officer. This was overruled and the bill signed.

This whole matter is presented in these three different forms by appropriate bills of exception. This question was decided by this court adversely to the decision of the trial court in Wilcek v. State, 141 S. W. Rep., 88. In the opinion written by Judge Prendergast the Wilcek opinion is overruled, and it is stated that that opinion was "inadvertently" written. The writer of this dissent wrote the opinion in the Wilcek case, and the opinion was written after careful thought and not through inadvertence so far as the writer is concerned. Reviewing the question again in the light of the opinion of my brethren and of the authorities, I am still of the opinion that the opinion in the Wilsek case is correct. It has been laid down in the authorities in Texas and elsewhere, that the separation of the jury, especially under the mandatory provision of the statute, is reversible error, and where the jury has been sworn it is provided so by statute expressly. It has further been held that with reference to the procurement of jurors generally, if the statutory provisions as to the formation of the jury are of a mandatory character, noncompliance therewith will invalidate the proceedings. This is the rule wherever the statutes so enact. For collation of authorities, see

note 1, page 525, Vol. 12 Ency. of Pleading and Practice. It is also the rule where by statute the jurors in the trial of an indictment for a felony are expressly forbidden to separate, unless by permission of the court and the consent of the defendant, and then only in the custody of an officer, the court cannot permit a separation over the objection of the defendant irrespective of the question of prejudice or injury. Defriend v. State, 22 Texas Crim. App., 570; Robinson v. State, 30 Texas Crim. App., 459; Grissom v. State, 4 Texas Crim. App., 374; Cox v. State, 7 Texas Crim. App., 1; Early v. State, 1 Texas Crim. App., 248; Wright v. State, 17 Texas Crim. App., 152; Walker v. State, 37 Tex. 366. Our statute forbidding the separation of jurors in felony cases, unless under conditions therein prescribed, is mandatory, and where jurors have become separated from an officer who has taken them from the main body, there must be a new trial. Warren v. State, 9 Texas Crim. App., 619. Disregard of a mandatory provision that the jurors shall not be permitted to separate without the consent of the defendant will require a reversal of a conviction. State v. Place, 5 Wash., 773; State v. Smith, 102 Iowa, 656; State v. Garrity, 98 Iowa, 101. In Texas the jury cannot be permitted to separate except by the consent of the accused. Some of the cases cited have been after the jury had been impaneled and sworn, but in the Wilcek case, supra, the precise question raised in this case was there decided as being of a mandatory nature and, therefore, reversible, and the judgment was reversed for that reason. In the case of Hines v. State, 27 Tenn., 597, this view was sustained in an opinion by Judge Nathan Green, he delivering the opinion for the court. He uses some language that is well worthy of consideration. In that case the jury had separated before being sworn and impaneled as in this case. Without repeating the facts, which are shown in the opinion itself, he says:

"It is of the utmost importance to the administration of justice, that the purity of the trial by jury should be preserved. And so jealous were our ancestors upon the subject, that a separation of a juror from his fellows, was regarded per se, as sufficient to vitiate the verdict. It was not deemed competent for the prosecution to explain the conduct of the juror, and to show that he had not been tampered with. But this extreme strictness, has been relaxed in England, and most of the states of the Union; and as is justly remarked in Stone vs. The State, (4 Humph. R., 27,) by the judge who delivered the opinion; 'the purity of jury trials is now made to depend, not on form, but substance.' Still, in that case, and in the case of McLain vs. The State, 10 Yerg. R. 241, it is held, that to ensure to the accused, 'the full benefit of the judgment of his peers, it is absolutely necessary that the minds of the jurors, should not have prejudged his case; that no impression should be made except what is drawn from the testimony given in court, to operate on them; and that to secure this, they must not be permitted to separate and

mingle with the balance of the community, without explanation, show-
ing that they had not been tampered with, and that it is not neces-
sary for the prisoner to prove, that .they had been.'

"The principles laid down in these cases are, 1. That the fact of
separation having been established by the prisoner, the possibility
that the juror has been tampered with, and has received other impres-
sions ‘than those derived from the testimony in court, exists, and
prima facie, the verdict is vicious; but 2nd. This separation may be
explained by the prosecution, showing that the juror had no com-
munication with other persons, or that such communication was
upon subjects foreign to the trial, and that in fact, no impressions,
other than those drawn from the testimony, were made upon his
mind. 3rd. In the absence of such explanation, the mere fact of
separation is sufficient ground for a new trial. Taking these prin-
ciples as the settled law of this court—the question is, whether the
separation of the juror, McNeely, is satisfactorily explained. And
we think it is not. The only witness who gives any explanation
whatever, is the offending juror."

In this case the separation is shown with the consent of the court
but without the consent of the defendant. The defendant insisted
upon the reassembling of the jury that the panel be quashed, and,
second, he excepted and challenged each of the nine jurors specifi-
cally for the reasons he gave at the time set out in bill of exceptions,
and third, he challenged all nine of the jurors who had separated.
This was not met or attempted to be met with any fact showing they
had not talked or conversed with people about the case. As the
writer understands the jury trial in its essence means the accused
shall have a fair trial by an impartial jury; at least such is the pro-
vision of the Bill of Rights as set forth in the Constitution. If any
juror has been tampered with it vitiates the verdict under all the
authorities, and this without a separation. But the keeping of the
jury together is based mainly upon the proposition, that having been
segregated they are immune from the possibility of contamination
from the outside world, and from this view it would make no differ-
ence whether it was after or before they were sworn. Whether he
was sworn or not would not prevent the outsider from talking with
him or he with the outsider, and it occurs to me the reasons would
be stronger why he should not be subject to contamination after
being segregated as a juror in the case before being sworn than he
would be after he had been sworn, because after having been sworn,
after segration, he is then supposed to be in charge of an officer and
beyond reach of contamination, but in the other he is turned loose
where he may meet everybody coming and going, and these jurors
were permitted to go without an officer and without the consent of
the defendant and over his protest by means of said challenge, from
11:15 a. m. until 2 p. m., and not a word came from them as to
whether or not they had been approached by others on the outside.

If the separation o₁ the jury means anything, it occurs to me that this case is strongly in point under our statutory law and under our Constitution as it is well to place one. If the rule underlying the doctrine of separation of the jury is to prevent contamination, then this was a grievous violation of the entire doctrine. I think the Wilcek case is correct. Our statutes are mandatory that the separation of the jury shall not occur after it had been once set apart and it is thus signified to the world that these are the jurors in this particular case, and the mere fact that they were or were not sworn would not depreciate the probable injury that might occur, nor the reason why a separation should not occur.

These are some of the reasons I cannot agree with my brethren and therefore respectfully enter my dissent.