[No. 15837.   Department One.   July 8, 1920.]

## THE STATE OF WASHINGTON, *Respondent*, v. O. Z. SKINNER, *Appellant*.[1]

CRIMINAL LAW (347-1)—NEW TRIAL—JURORS READING NEWSPAPER ARTICLES. Where accused voluntarily consented to the separation of the jury, he can not ask a new trial on the ground that during the recesses the jurors read newspaper articles on the matter involved, in the absence of a positive showing that the reading of the articles resulted in the returning of verdict not upon the evidence, but as a result of passion and prejudice from the articles read.

SAME (312)—INSTRUCTIONS—ERROR CURED BY OTHER INSTRUCTIONS. In a prosecution for embezzlement, a hypothetical instruction to the effect that, if certain things were true, certain other things were necessarily true, is not so prejudicial as to warrant a new trial, where the court's interpretation of the defendant's version of the transaction was correct and the jury were instructed that he could not be found guilty even if he committed a breach of faith.

SAME (442)—APPEAL—REVIEW—VERDICTS. A verdict of guilty on conflicting evidence cannot be set aside where there was sufficient evidence to justify the verdict and to do so would interfere with the jury's prerogative of measuring the credibility of the witnesses.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered June 16, 1919, upon a trial and conviction of grand larceny. Affirmed.

*Cary M. Rader, Elihu F. Barker,* and *Sharpstein, Smith & Sharpstein,* for appellant.

*Earl W. Benson* and *A. J. Gillis,* for respondent.

MACKINTOSH, J.—Appellant was convicted of the crime of grand larceny by embezzlement, and on this appeal urges that the conviction should be set aside for three reasons:

First, that the jury, during the trial, read certain newspaper articles which contained references to the matter involved in the criminal case, and also re-

[1]Reported in 191 Pac. 148.

ferred to a judgment which the prosecuting witness had recovered against the appellant in a civil proceeding involving the same state of facts. These newspaper articles were not read in the jury room, but were read by the jurors at their homes during recesses in the trial, and from the record we cannot say that from these they were prejudiced. The defendant voluntarily consented to the separation of the jury during the trial, and must be held to have anticipated that, during such recesses, the jurors would follow the general habit of reading current news, and if there were news articles with reference to the controversy between the prosecuting witness and the defendant, that, in all human probability, such articles would be read by some or all of the jurors. In the absence of a positive showing that the reading of these articles resulted in a verdict being returned, not upon the evidence in the case, but as a result of passion and prejudice aroused by what the jurors had read, the appellant must abide the consequences of his voluntary act in allowing the jurors to come into possession of such articles.

Second, the next claim is that the court, in an instruction to the jury, commented upon the facts to the prejudice of appellant. The important question in the case was whether the money which it was alleged the appellant had embezzled was received by him as agent for the prosecuting witness, or had been received by him from the prosecuting witness as a payment upon the sale of property, and became thereby the property of the bank, which was the owner of the property. The court informed the jury that, if the money was paid on the purchase price, the appellant would have no right to agree with the prosecuting witness to

"get Cook out of the deal, for if Skinner was the agent of the bank, it would have been a breach of faith on his part to thus agree with Cook, but if Cook did

agree with Skinner that Skinner should keep the money if Skinner should assist him to get out of the deal, and if Skinner did so conduct the matter that Cook was gotten out of the deal, and if Skinner then claimed the money in good faith, as against Cook, you could not find the defendant guilty.''

The point raised by the appellant is that in this instruction the court passed upon the facts and instructed the jury that he was guilty of a breach of faith, even if his contentions were correct that the bank was the owner of the money. It appears to us that, taking appellant's version of the transaction as true, the court was correct in his interpretation of it and that the instruction was not prejudicial, for the reason that the court instructed the jury that the defendant could not be found guilty even though he had committed a breach of faith with the bank. Furthermore, the instruction is not a positive statement by the court of any fact, but merely is a statement that, if certain things are true, certain other things are also necessarily true. This hypothetical instruction is not of such a prejudicial nature as to warrant a new trial.

The third and most important question in the case is whether there was sufficient evidence to go to the jury to show defendant was acting as the agent of the prosecuting witness at the time of receiving and withholding the money. Abundant evidence was introduced in behalf of appellant which might justify the jury in finding he was not such agent. A view of the testimony, however, discloses that there was evidence to the contrary from which the jury was entitled to arrive at the verdict returned by it. It is not for us to weigh the evidence upon this appeal, nor would the lower court have been justified in taking the case away from the jury upon its weighing the testimony. As long as there was sufficient evidence to justify the ver-

dict, the court will not interfere with the jury's prerogative of weighing the testimony and measuring the credibility of the witnesses from whom it is produced.

We find no error in the record, and the judgment is affirmed.

HOLCOMB, C. J., PARKER, MAIN, and MITCHELL, JJ., concur.