[No. 16196.   Department Two.   March 10, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v.
JESSE LE FORS, *Appellant*.[1]

CRIMINAL LAW (324)—TRIAL — CONDUCT OF JURY — SEPARATION.
Where, without the consent of the accused, the jury separated after
being sworn, it is error to proceed with the trial over the objection
of the accused.

Appeal from a judgment of the superior court for
Whitman county, Sessions, J., entered June 9, 1920,
upon a trial and conviction of sodomy. Reversed.

*O. H. Horton,* for appellant.

MITCHELL, J.—The defendant was convicted of the
crime of sodomy and has appealed to this court. Im-
mediately upon the jury being sworn to try the case
and before the taking of any testimony, the jury was
permitted to separate during a recess without the con-
sent of the appellant. The record shows the members
of the jury were allowed to commingle with the audi-
ence and that they retired from the court room. Prior
to the taking of any testimony, counsel for the appel-
lant called the court's attention to the separation of
the jury without the consent of the defendant, and ob-
jected to further proceeding with the trial. The ob-
jection was overruled and the trial proceeded.

Rem. Code, § 2159, provides:

"Juries in criminal cases shall not be allowed to sep-
arate, except by consent of the defendant and the pros-
ecuting attorney, but shall be kept together, without
meat or drink, unless otherwise ordered by the court,
to be furnished at the expense of the county."

We have held in the cases of *State v. Place,* 5 Wash.
773, 32 Pac. 736; *State v. Strodemier,* 41 Wash. 159, 83

[1]Reported in 195 Pac. 1041.

Pac. 22; *State v. Bennett,* 71 Wash. 673, 129 Pac. 409; and *State v. Morden,* 87 Wash. 465, 151 Pac. 832, that the statute in no way relates to the discretion of the trial court, that its terms are mandatory and that a violation of its express prohibition constitutes reversible error. Upon the authority of the statute and the cases cited, the judgment is reversed and the cause remanded with directions to the trial court to grant a new trial.

PARKER, C. J., MOUNT, MAIN, and TOLMAN, JJ., concur.