[No. 17797. Department Two. May 18, 1923.]

THE STATE OF WASHINGTON, *Respondent*, v. JENS RASMUSSEN, *Appellant*.[1]

CRIMINAL LAW (324)—TRIAL—SEPARATION OF JURY—WAIVER. It is reversible error to allow the jury in a criminal case to separate for an entire week, without the consent of the defendant, in violation of Rem. Comp. Stat., § 2159; and the error is not waived by failing to object or except at the time.

WITNESSES (50)—COMPETENCY—HUSBAND AND WIFE—PRIVILEGED COMMUNICATIONS. In a criminal prosecution, a letter from the defendant to his wife is not objectionable under Rem. Comp. Stat., § 1214, disqualifying a husband or wife from testifying against the other without his or her consent.

CRIMINAL LAW (226)—TRIAL—ELECTION BETWEEN ACTS. Where the evidence tends to show the commission of different offenses by the accused, tending to show the commisssion of a specific act relied on, the state should be required to elect which of such acts it relies on for a conviction.

Appeal from a judgment of the superior court for Skagit county, Brawley, J., entered April 26, 1922, upon a trial and conviction of a felony. Reversed.

*Shrauger & Henderson*, for appellant.

*Warren J. Gilbert, W. H. Hodge*, and *W. L. Brickey*, for respondent.

PARKER, J.—The defendant, Rasmussen, was charged by indictment in the superior court for Skagit county

[1]Reported in 215 Pac. 332.

with the commission of a felony. A trial in that court, sitting with a jury, resulted in a verdict of guilty, upon which judgment and sentence were rendered against him, from which he has appealed to this court.

After the impaneling and swearing of the jurors to try the case, and the prosecuting witness had been sworn and commenced to testify, it then appearing that the prosecuting witness was in a measure an adverse witness to the prosecution, the trial judge, of his own motion, seeming to see in the attitude and answers of the witness that there was thereby disclosed cause for a grand jury investigation into matters touching the cause of the witness's adverse demeanor toward the prosecution, with reference to what it was intimated she had testified to before the grand jury which returned the indictment against the defendant, ordered a suspension of the trial and the continuance of the case for the completion of the trial to a day certain one week thereafter. Without consent of the defendant or his counsel, the jurors were by the court then allowed to separate; the judge saying to them: "I am going to continue this case until Monday, February 28th, and of course during this time you will not be kept together but be permitted to separate;" this being followed by the usual admonition against the jurors talking among themselves or with others about the case.

When the trial was about to proceed on the date to which it was continued, counsel for the defendant objected to the trial proceeding before those jurors, and moved that the jury be discharged; this objection and motion being rested upon the ground, among others, that the jurors had been allowed to separate without the consent of the defendant. The court overruled this objection and motion, saying: "There was no objec-

tion made at the time the case was adjourned in the first instance and no exception taken at that time." The exception of counsel for the defendant to this ruling being noted, the trial proceeded, resulting in the verdict of guilty rendered against the defendant, as above noticed.

It is contended that this separation of the jurors during the entire week of the adjournment of the trial of the case was error entitling defendant to a reversal of the judgment rendered against him. We are quite convinced that this contention must be sustained. Section 2159, Rem. Comp. Stat. [P. C. § 9375], relating to the separation of jurors in criminal cases, provides: "Juries in criminal cases shall not be allowed to separate, except by consent of the defendant and the prosecuting attorney . . ." This provision of our criminal procedure statutes has been in force and remained unchanged since its enactment by the first territorial legislature of 1854. This court has many times given it full force and effect and has never countenanced its substantial violation. *State v. Place,* 5 Wash. 773, 32 Pac. 736; *State v. Strodemier,* 41 Wash. 159, 83 Pac. 22, 111 Am. St. 1012; *State v. Bennett,* 71 Wash. 673, 129 Pac. 409; *State v. Morden,* 87 Wash. 465, 151 Pac. 832; *State v. LeFors,* 115 Wash. 21, 195 Pac. 1041. Some of our comparatively recent decisions announce a somewhat liberal view as to what constitutes a substantial separation within the meaning of our statutes, but none of such decisions can be considered as in the least giving countenance to the view that a separation of the substantial nature here shown can be justified without the consent of the defendant.

Counsel for the state seek to avoid the reversing effects of this separation of the jurors by invoking

the fact that no objection or exception to the court's action allowing it to occur was taken in behalf of the defendant by the time it was by the court directed and allowed; invoking the general rule that claimed erroneous rulings of the trial court not excepted to at the time of their making are not reviewable upon appeal. We think that general rule has no application here. To keep this jury together was the plain mandatory duty of the court, unless consent to their separation by the accused be plainly evidenced in some affirmative manner. The defendant was not required to ask the court to keep the jury together and to except to a ruling of the court which might be made denying such request. The defendant did not waive his right to have the jurors kept together by his mere silence or the mere silence of his counsel. This duty of the court to keep the jurors together, in the absence of an affirmative consent by the defendant, belongs to that class of mandatory, negative or affirmative duties imposed upon the court by law, the neglect or violation of which counsel for a defendant upon trial is not required to object or except to at the time in order that the error of such neglect or violation may be available to him upon appeal. The following of our decisions may be noted as illustrating and supporting this principle: *Linbeck v. State,* 1 Wash. 336, 25 Pac. 452; *Freidrich v. Territory,* 2 Wash. 358, 26 Pac. 976; *State v. Myers,* 8 Wash. 177, 35 Pac. 580; *State v. Crotts,* 22 Wash. 245, 60 Pac. 403; *State v. Jackson,* 83 Wash. 514, 145 Pac. 470. Nor is this a case of the defendant voluntarily proceeding with the trial of his case without objection after knowing of a previous separation of the jurors. For, as we have seen, counsel for the defendant did timely object to the proceeding with the

trial of the case before its resumption following the long continuance and the separation of the jurors.

During the examination of a witness, which was neither the defendant nor his wife, there was produced a letter purporting to be written by the defendant to his wife, which was offered in evidence by the state and so received over the objection of counsel for the defendant; the objection being in substance that to receive such letter in evidence would be in violation of subd. 1, § 1214, Rem. Comp. Stat. [P. C. § 7725], disqualifying a husband and a wife from testifying as against the other without his or her consent. This ground of objection, we think, was clearly untenable. In *State v. Nelson,* 39 Wash. 221, 81 Pac. 721, we said: " . . . the state offered in evidence a letter written by the witness to her husband in Alaska, which it was claimed contained certain admissions inconsistent with her testimony at the trial. This was objected to, on the ground, among others, that it was a communication between husband and wife and therefore incompetent. This letter was produced and offered in evidence by the officers of the state, and therefore lost its character as a privileged communication. Underhill, Crim. Evid., p. 234; Wharton, Crim. Evid. (9th ed.), 398; *State v. Hoyt,* 47 Conn. 518, 36 Am. Rep. 89; *State v. Buffington,* 20 Kan. 599, 27 Am. Rep. 193; *People v. Hayes,* 140 N. Y. 484, 35 N. E. 951, 37 Am. St. 572, 23 L. R. A. 830."

Some contention is further made touching the introduction of this letter in evidence, rested upon the theory that it was not properly identified as having been written by the defendant. This, however, is presented to us practically without argument or citation of the testimony touching the question; so we leave that question to be determined by the court upon a

new trial, from the facts which may be then proven touching the question of the proper identification of the letter.

Some contention is made that the trial court erred to the prejudice of the defendant in not requiring the state to elect as to which particular offense it would rely upon for conviction, the evidence tending to show the commission of several. We are inclined to the view that, in the trial of the case, the prosecuting attorney and the court, by its instructions given to the jury, made it sufficiently plain that the state did rely upon a certain one of the different offenses the evidence tended to show the defendant to have committed, though possibly this was not made as plain as was desirable under the law. However, to the end that there be no mistake of the court upon a new trial in this respect, we call attention to our decision in *State v. Workman*, 66 Wash. 292, 119 Pac. 751, wherein we said:

"The state's evidence tended to prove three distinct commissions of the offense occurring at different times and places. At the close of the state's case, the appellant moved the court to require the prosecution to elect which one of these it would rely upon for a conviction. The court denied the motion. This ruling was excepted to, and is assigned as error. We think that, both on reason and authority, this assignment is well taken. In case of conviction, where the evidence tends to show two separate commissions of the crime, unless there is an election it would be impossible to know that either offense was proved to the satisfaction of all the jurors beyond a reasonable doubt. The verdict could not be conclusive on this question, since some of the jurors might believe that one of the offenses was so proved and the other jurors wholly disbelieve it but be just as firmly convinced that the other offense was so proved. The greater the number of offenses in evidence, the greater the possibility, or

even probability, that all of the jurors may never have agreed as to the proof of any single one of them. The true rule would seem to be that, while evidence of separate commissions of the offense may be admitted as tending to prove the commission of the specific act relied upon, the proper course in such a case, after the evidence is in. is to require the state to elect which of such acts is relied upon for a conviction. *State v. Osborne*, 39 Wash. 548, 81 Pac. 1096; *State v. Sargent*, 62 Wash. 692, 114 Pac. 868.''

Some contention is made in behalf of the defendant, but quite briefly argued, that the evidence given upon the trial does not support the verdict. We confess our inclination to look upon the evidence as being rather week in that respect, but do not see our way clear to now so decide as a matter of law. We do not feel justified in going further than awarding to the defendant a new trial.

The judgment is reversed, and the cause remanded to the superior court with directions to award to the defendant a new trial, or take such other proceedings in the cause as shall not be inconsistent with the views herein expressed.

MAIN, C. J., FULLERTON, TOLMAN, and PEMBERTON, JJ., concur.