[No. 20626.   Department Two.   July 12, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. FRED CARLSON, *Appellant*.[1]

[1] INTOXICATING LIQUORS (47)—CRIMINAL PROSECUTION—ISSUES AND PROOF—VARIANCE. A conviction of maintaining a joint at 238½ Main avenue, in the city of S. is sustained by evidence that the joint was being conducted at a place designated in the license as 241 Trent alley, the actual ingress to which was through the place 238½ Main avenue.

[2] CRIMINAL LAW (325)—TRIAL—MISCONDUCT OF JUROR—SEPARATE VIEW OF PREMISES. The misconduct of a juror in viewing premises, during the time of an agreed upon separation of the jurors, is without any presumption of prejudice, and is not ground for a new trial in the absence of any showing of prejudice.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered December 18, 1926, upon a trial and conviction of being a jointist. Affirmed.

[1]Reported in 258 Pac. 12.

*Robertson & Paine,* for appellant.

*Chas. W. Greenough* and *Ferd. J. Schaaf,* for respondent.

MACKINTOSH, C. J.—The appellant was convicted of maintaining a joint at 238½ Main avenue, Spokane, Washington.

The evidence produced on the trial showed that the building in which the alleged unlawful business was being conducted was situated on Trent alley, the alley immediately in the rear of Main avenue.

The evidence further showed that the entrance to the building from Trent alley was closed, but an entrance was used through other property facing on Main avenue, and that, while the license for the operation of the place designated it as 241 Trent alley, as a matter of fact the actual ingress to the place was through a location which, according to the system of street numbering in Spokane, would be known as 238½ Main avenue.

[1] The appellant claims that the action should be dismissed on account of the variance between the information and the proof as to the location of the place being maintained. In view of the facts already recited, we cannot see that there was a variance. From the testimony, the place which was being operated by the appellant could be properly known as either 238½ Main avenue or 241 Trent alley, and under such circumstances these points raised by the appellant must be decided against him. 31 C. J. 841.

[2] Another error is assigned upon the claim that there was a separate view of the premises taken by one of the jurors. The record shows that the jury had been permitted to separate for the night with the appellant's consent, and that the court had directed the jury to meet at a certain designated point the follow-

ing morning at nine o'clock, to be accompanied by a bailiff to the appellant's place of business for the purpose of there making an inspection of the premises. One of the jurors went to the place of business alone and "requested to make and made an inspection of the premises and asked a question . . . as to the entrance of said building." There is nothing introduced to show that the inspection which this juror made separately was in any way different from that made by the other eleven jurors who later, accompanied by the bailiff, made their inspection; in other words, there is nothing introduced to show that the appellant was in any way prejudiced by this improper act of the lone juror. Where jurors have been permitted to separate and some of them may have misconducted themselves during that separation, a presumption of prejudice does not naturally follow; while the rule is different when a statute providing that the jurors shall not separate has been violated by a separation, in which case a presumption of prejudice does follow.

In the cases of *State v. Place,* 5 Wash. 773, 32 Pac. 736; *State v. Strodemier,* 41 Wash. 159, 83 Pac. 22, 111 Am. St. 1012; *State v. Miller,* 61 Wash. 125, 111 Pac. 1053, Ann. Cas. 1912 B 1053; *State v. Bennett,* 71 Wash. 673, 129 Pac. 409; and *State v. Morden,* 87 Wash. 465, 151 Pac. 832, the latter condition obtained and the separation was held to be prejudicial.

In *State v. Pepoon,* 62 Wash. 635, 114 Pac. 449; and *State v. Skinner,* 111 Wash. 435, 191 Pac. 148, the former condition existed and, there being no showing of prejudice, the jury having been allowed to separate with defendant's consent, the misconduct of a juror was held not to be such prejudicial error as to entitle the defendant to a new trial.

As was indicated in the *Skinner* case, *supra,* there being no positive showing that the separate view by one juror resulted in a verdict being returned, not upon the evidence in the case, but as the result of something which he discovered while alone, the appellant must abide the consequences of his voluntary act in allowing the jurors to separate during the trial.

In the late case of *Lehman v. Hoquiam, ante* p. 181, 257 Pac. 388, it was held by the trial court that the misconduct of a juror while making a view of the premises in controversy had been prejudicial to the rights of one of the parties and was therefore ground for granting a new trial. On those facts, that case is distinguishable from the case at bar, where not even a showing of prejudice was attempted to be made.

A couple of other errors are assigned, but we find no merit in them, and the judgment is therefore affirmed.

FRENCH, PARKER, TOLMAN, and HOLCOMB, JJ., concur.