JULIAN TENORIO V. STATE

No. 25412. October 24, 1951.

Hon. Delos Finch, Judge Presiding.

*Chas. Albidress Jr.*, San Antonio, for appellant.

*Austin F. Anderson,* Criminal District Attorney, and *Richard J. Woods,* Assistant Criminal District Attorney, San Antonio, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of the offense of assault with intent to rape and the jury assessed his punishment at six years' confinement in the penitentiary.

No motion for new trial was filed, but notice of appeal was given at the time sentence was pronounced.

The appeal is predicated upon a claimed violation of Arts. 668 and 671 of the Code of Criminal Procedure.

The trial court certifies that 12 jurors were picked from the panel and agreed upon by appellant's counsel at the trial and the attorney representing the state to try this case and the remainder of the panel were dismissed; that by agreement of counsel and of appellant in person, the 12 jurors were permitted to separate and return to their homes with instructions to return the following morning to be sworn as jurors. They were admonished by the court that they were not to discuss the case with any person, nor permit any person to discuss the case in their presence.

It is further certified that the 12 jurors did so separate without the attendance of an officer, and before being sworn and that they returned the following day and were then sworn and served as jurors.

No objection appears to have been offered to any of the jurors at the time they were so sworn, and it appears that appellant and his counsel then knew all of the facts now relied upon for reversal and had agreed to the procedure.

Art. 668, Vernon's Ann. C.C.P., prohibits the separation of the jurors "after the jury has been sworn and impaneled". It has no application to their separation before being sworn. See Jones v. State, 69 Tex. Cr. R. 447, 153 S.W. 897; Coffey v. State, 82 Tex. Cr. R. 57, 198 S.W. 326; Davis v. State, 120 Tex. Cr. R. 114, 28 S.W.(2) 794.

But appellant urges that "it was inevitable" that other persons would converse with the jurors during their separation, and that it is "unimaginable" that such jurors would not engage in conversation in relation to the sex offense they were to try. Hence he argues, a violation of Art. 671, Vernon's Ann. C.C.P., is shown and he is entitled to a reversal.

Art. 671, Vernon's Ann. C.C.P., in part, provides that no person shall be permitted to converse with a juror after he has been impaneled except in the manner provided in said article.

That a juror has conversed with any person in regard to the case is made a ground for the granting of a new trial. See Art. 753(7), Vernon's Ann. C.C.P.

We are unable to agree that conversation by or with a member of the jury in violation of Art. 671, Vernon's Ann. C.C.P., is shown.

However, if we should follow appellant's reasoning and find that in fact the jurors had engaged in such conversations after being impaneled, the state would be entitled to rebut the presemption of injury arising therefrom by showing, if they could, that appellant was in no way injured or prejudiced thereby. See McCune v. State (Page 207, this volume) 240 S.W.(2) 305.

No motion for new trial having been filed, the trial court had no opportunity to determine whether or not any juror had in fact been guilty of misconduct in conversing or discussing the case, nor was the state given the opportunity to join issue or to show that no prejudice resulted to appellant from any such discussion or conversation.

And appellant, having agreed to the separation of the jury, is in no position to rely upon any presumption of injury from conversations with unauthorized persons during such separation. See McCune v. State, supra.

It follows that reversible error is not shown.

The judgment is affirmed.

Opinion approved by the Court.