[No. 14422. Department One. January 15, 1918.]

The State of Washington, *Respondent*, v. Frank Harris, *Appellant*.[1]

Criminal Law—New Trial—Separation of Jury. Allowing the woman juror to occupy the judge's chambers during intermissions, while the eleven male jurors retired to the regular jury room, does not constitute a "separation" of the jurors that was so prejudicial as to authorize a new trial, where the room remained closed and there was no communication had with the juror.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered January 2, 1917, upon a trial and conviction of robbery. Affirmed.

*W. C. Donovan* and *Geo. H. Armitage*, for appellant.

*John B. White*, for respondent.

Fullerton, J.—By an information filed in the superior court of Spokane county, the appellant, Frank Harris, was charged, jointly with one Karl Size, with the crime of robbery. The cause was brought on for trial on December 14, 1916, each of the defendants appearing by separate counsel. The trial lasted until December 17, 1916, when the jury

[1]Reported in 169 Pac. 971.

returned a verdict of guilty as to the appellant and disagreed as to the defendant Size. Thereafter a judgment of guilty was pronounced against the appellant and he was sentenced to a term in the state penitentiary.

At the appropriate stage of the case, the appellant moved for a new trial, basing his motion on the ground, among others, of irregularity in the proceedings of the court and jury during the progress of the trial, in that the jurors were permitted to separate without the consent of the defendant and to remain separated for long periods of time. The court denied the motion, and whether it erred in so doing is the only question presented on this appeal.

The record discloses that the jury was composed of one woman and eleven men. During the intermissions of the trial permitted by the court and the noon recesses, the woman juror was permitted to retire to the judge's chambers, where she remained until the incoming of the court. The record makes it clear that, during these periods, the ingresses to the room remained closed under the supervision of duly sworn bailiffs, and that no communication during these periods was had by any one with the juror. The men jurors retired to the regular jury room during these periods. Nothing is shown as to the disposition of the jury during the adjournment from day to day, yet it appears that two nights intervened between the commencement and the conclusion of the action. It was the failure to keep the jury together during the intermissions and recesses mentioned that constitutes the separation of which complaint is made.

Our own cases on what will and what will not constitute a separation of the jury may not be entirely harmonious. We think, however, it is unnecessary to review them here. In none of them is it denied that separation from necessity is permissible, and in some of them the rule is distinctly recognized. See, *State v. Burns*, 19 Wash. 52, 52 Pac. 316; *State v. Strodemier*, 41 Wash. 159, 83 Pac. 22, 111 Am. St. 1012. It is our opinion that the separation here complained

of can be justified on this latter ground. The statute making women eligible to jury service of itself necessitated, and was of itself, a change in the existing system relating to the separation of juries. In trials protracted over considerable periods of time, the rules of society, propriety, and common decency require that mixed juries be allowed to separate according to sexes at stated intervals during its progress.

It may be questioned, moreover, whether the courts have not placed a too narrow construction on the word "separate" as used in the statutes. The object and purpose of keeping them sequestered is, and has always been, to keep them from being influenced with reference to the matters given them in charge, by ulterior practices. This purpose is as well accomplished when the jury are kept singly under the charge of sworn officers of the court as it is when they are kept under like officers in a body.

But giving the defendant the benefit of the more rigid rules, it is clear that he was not prejudiced in fact by the separation here complained of, and we are not able to conclude that the separation was so far unnecessary as to require us to hold that he was prejudiced in law.

The judgment is affirmed.

ELLIS, C. J., WEBSTER, MAIN, and PARKER, JJ., concur.