[No. 22184. Department Two. April 23, 1930.]

THE STATE OF WASHINGTON, *Respondent*, v. C. O. LINDER, *Appellant.*[1]

*Stephen J. Chadwick* and *Thomas Corkery,* for appellant.

*Chas. W. Greenough* and *Louis F. Bunge,* for respondent.

HOLCOMB, J.—On May 4, 1929, an information was filed in the court below charging appellant on one count of having, on March 20, 1929, unlawfully and feloniously sold, furnished and disposed of narcotic

[1]Reported in 287 Pac. 16.

drugs, to wit, morphine, to Tillie Heath, sometimes known as Mrs. Tillie Osbandon.

Appellant pleaded not guilty, and on the trial denied the charge and testified that the woman stole the narcotics which had been found upon her person shortly after a visit to his office, while he was absent for a few minutes in another room. The woman to whom the morphine was alleged to have been sold on that date was a drug addict and had been for six or seven years. After a verdict of guilty by the jury, a motion for a new trial was denied and appellant sentenced upon the verdict.

Six assignments of error are made by appellant and elaborately argued, but only one of them, together with two co-related matters, need be discussed.

■ This is a prosecution under the Beeler narcotic act (Rem. 1927 Sup., §§ 2509 to 2509-14). Appellant is not charged in the information in this case with having issued illegal prescriptions. He is charged simply with having made a sale to the person named on March 20, 1929. There is no element of intent involved in that offense. Proof of that sale beyond a reasonable doubt completely proved the crime charged.

■ The prosecution, over the objections of appellant, introduced evidence tending to show that appellant had committed a number of other acts similar to those named in the information at times prior to the sale alleged in the information. This was error.

We have several times discussed the exceptions to the general rule that evidence of other offenses cannot be given in the trial of a prosecution for a particular offense, one of the best of which discussions may be found in *State v. Schuman,* 89 Wash. 9, 153 Pac. 1084, Ann. Cas. 1918A 633, and which review was followed in *State v. Smith,* 103 Wash. 267, 174 Pac. 9. Respondent attempts to distinguish the *Smith* case upon the

ground that it was a prosecution against a druggist for selling morphine without a physician's prescription. Nevertheless, it was a prosecution in which intent was not material, and the proof of four other past sales was held to be inadmissible and prejudicial. For that reason principally the conviction in that case was reversed. Decisions along the same line may be found in *People v. Litle,* 85 Cal. App. 402, 259 Pac. 458; *Guilbeau v. United States,* 288 Fed. 731; *Gart v. United States,* 294 Fed. 66; *Smith v. United States,* 10 Fed. (2d) 787; *Fabacher v. United States,* 20 Fed. (2d) 736; *Boyd v. United States,* 142 U. S. 450.

Respondent contends that evidence of such other offenses was admissible under our decisions in *Seattle v. Hewetson,* 95 Wash. 612, 164 Pac. 234; *State v. Raub,* 103 Wash. 214, 173 Pac. 1094. Both of those cases were prosecutions against physicians. In both cases the physicians were charged with the unlawful issuance of prescriptions for intoxicating liquor, in both of which the good faith of the physician was directly in issue. It was an element necessary to be determined.

In the *Hewetson* case it was charged that the accused had issued a prescription for whiskey,

". . . without having any good reason to believe that the person to whom it was issued was actually sick, or that the liquor was required as medicine."

It was there held that the evidence of the considerable number of prescriptions given by the accused within a specified time for intoxicating liquor to various persons, as found in the file of a druggist, was competent, as tending to show that the prescription upon which he was prosecuted was not given in good faith. The *Raub* case followed the same reasoning.

In this case, the evidence was clearly incompetent,

inadmissible, and highly prejudicial. *State v. Smith, supra.*

For that reason alone, the judgment. must be reversed.

Our conclusion upon the foregoing branch of the case practically determines the matter of instructions given by the trial court and excepted to by appellant, relating to the matter of the issuance of unlawful prescriptions, and of unlawful administration of such drug. As pointed out, the defense here is not on the ground of the regulated privilege and authority of a physician under our narcotics act. It was merely that the drug was not sold to the alleged person, but was stolen by her. The issue was fairly given to the jury in an instruction numbered 4.

Other errors claimed relate to alleged improper cross-examination of appellant, alleged improper rebuttal testimony, and alleged misconduct of the prosecuting attorney in arguing the case to the jury. Upon a re-trial, those matters may not recur.

For the reasons assigned, the judgment is reversed and the cause remanded for a new trial.

MITCHELL, C. J., FULLERTON, BEALS, and MAIN, JJ., concur.