[No. 24468.   Department Two.   December 21, 1934.]

THE STATE OF WASHINGTON, *Respondent*, v. ED NAVONE, *Appellant.*[1]

[1]Reported in 39 P. (2d) 384.

122

*John J. Kennett* and *Kenneth Durham,* for appellant.

*Robert M. Burgunder, William J. Wilkins,* and *John D. MacGillivray,* for respondent.

BEALS, C. J.—Defendant, Ed Navone, was arrested pursuant to an information which charged him with the crime of selling intoxicating liquor to Allen Birnie, a minor of the age of seventeen years. Defendant moved against this information and also demurred thereto. At the hearing, over defendant's objection, the state was permitted to amend the information by adding thereto, after the description of the offense as originally charged, the words, ''and one Robert Handley a minor of the age of nineteen years,'' whereupon the information was sustained. Thereafter, a second information was filed, containing two counts, the first charging the sale of intoxicating liquor to Allen Birnie, ''a minor of the age of eighteen years,'' and the second charging a similar sale to Robert Handley ''a minor of the age of nineteen years.'' No order was entered formally disposing of the first information filed.

Defendant thereupon moved that the second information be quashed because of the pendency of the first

information, or in the alternative that proceedings on the second information be stayed until the first information had been disposed of. This motion was denied, whereupon defendant moved that the state be required to elect upon which of the two informations it would proceed, and upon denial of this motion, demurred to the original information and to both counts of the second information, his demurrers being overruled.

Defendant was put upon his trial upon the second information, and at the close of the state's case, the court directed a verdict of not guilty as to count one. The case was submitted upon count two, the jury finding defendant guilty, including in their verdict a recommendation that clemency be extended. From judgment and sentence pursuant to this verdict, defendant appeals, assigning error upon the overruling of the various demurrers which he had interposed to the two informations, upon the refusal of the court to quash the second information, and upon the denial of his motion to require the state to elect upon which information it would proceed.

Error is also assigned upon the overruling of various motions for orders declaring a mistrial made by appellant, based upon alleged misconduct of the prosecuting attorney; upon the denial by the trial court of appellant's motions for a new trial and for arrest of judgment; upon the giving of certain instructions and upon the refusal to give others requested by appellant, and finally upon the entry of judgment and the imposition of sentence pursuant thereto.

We find no merit in appellant's assignments of error based upon the filing of the second information and appellant's trial thereon. The second information was filed in the same proceeding as the first, and manifestly superseded the same. If the state should attempt to bring appellant to trial upon the first infor-

mation, an appropriate remedy would doubtless be available to him.

Neither do we find error in connection with the refusal of the trial court to require the state to elect as to upon which information it would proceed. Appellant was placed upon his trial upon the second information. He does not argue that he was surprised by this action, and we find no basis for his contention that he was prejudiced by the ruling of the trial court in connection with the matters above referred to.

■ Appellant was tried pursuant to Rem. Rev. Stat., § 7328-1 [P. C. § 3180], which provides, *inter alia,* that "Every person who shall sell any intoxicating liquor to any minor shall be guilty of a felony." The statute does not define the word *minor,* and appellant argues that this word as used in the act should be held to refer to one under the age of eighteen years, instead of to persons under the age of twenty-one years. Appellant was convicted of the offense of selling liquor to Robert Handley, who was nineteen years of age.

If appellant's position is sound, count two of the information upon which appellant was tried and under which he was found guilty stated no offense and his demurrer thereto should have been sustained.

Rem. Rev. Stat., § 10548 [P. C. § 580], provides that "All persons shall be deemed and taken to be of full age for all purposes at the age of twenty-one years and upwards.".

Appellant contends that, as there is no statute declaring that a person shall not be of full age until he or she reaches the age of twenty-one years, and as there are other statutes which declare that, for certain purposes defined therein, a minor shall be deemed to be a person under eighteen years of age, it must be held that the statute under which he was tried applies

only to sales of intoxicating liquor to persons less than eighteen years old.

Appellant argues that, as criminal statutes should be strictly construed, the courts must adopt in connection with the word *minor,* as employed in the criminal statute above quoted, the lowest age at which, under any one of our statutes, a person is said to be a minor. In this connection, appellant calls attention to the section of the workmen's compensation act defining a minor to be ''a person of either sex under the age of eighteen (18) years,'' Rem. Rev. Stat., § 7627 [P. C. § 3533], and to the section of the statute providing for punishment of juvenile delinquency, which, according to its terms, applies to children under eighteen years of age. Rem. Rev. Stat., § 1987-1 [P. C. § 593]. Other sections of the criminal code are by their terms made applicable to persons under the age of eighteen years.

We find no merit in appellant's contention. Our statute above quoted follows the common law, and for all general purposes fixes the age of majority at twenty-one years. A minor is one who has not reached this age. The special statutes relied upon by appellant are, by their terms, limited in their application to minors under eighteen years of age, thereby simply creating a class within a class.

By the criminal code of 1909, prior statutes making the sale of intoxicating liquor to minors an offense were repealed, and the following section, now Rem. Rev. Stat., § 2445 [P. C. § 8831], adopted:

''Every person who—    . . .

''(4) Shall sell or give, or permit to be sold or given to any person under the age of twenty-one years any intoxicating liquor, cigar, cigarette, cigarette paper or wrapper, or tobacco in any form;    . . .

''Shall be guilty of a gross misdemeanor.''

126

We hold that, under our law against the sale of intoxicating liquor to minors, the statute is violated by a sale to a person under twenty-one years of age.

A resume of the evidence is necessary to a discussion of appellant's other assignments of error. It appears from testimony introduced by the state that Allen Birnie, Robert Handley and Roy Curtain met at the Birnie home at about eight o'clock on the evening of April 2, 1932. Curtain was over twenty-one years of age, the other boys being younger. The three intended to go to a dance on the evening in question, and as a prelude desired to drink some liquor. Young Handley contributed a dollar, the other two boys contributing a dollar between them, whereupon the three went to the house occupied by appellant, and with the two dollars bought from him a quart of moonshine. This liquor they took back to the Birnie home, where they drank it, after which the three went to a dance. Curtain left the party about midnight, and about three o'clock in the morning Allen Birnie was found unconscious in a wrecked and stolen automobile some distance from the dance hall, three other persons having been killed in the collision in which Birnie was injured.

At appellant's trial, Birnie, testifying as a witness on behalf of the prosecution, stated that his mind was a complete blank as to everything that occurred after he reached the dance. Robert Handley testified that he last saw Birnie shortly after midnight, when he (Handley) left the dance and went home, Handley maintaining throughout the trial that he knew nothing concerning the taking of the automobile or the collision above referred to.

Appellant denied that he sold any liquor whatsoever to the three boys, or that any one of them had been at his house on the night of April 2, as testified to by

them; and other occupants of appellant's house corroborated his testimony. Appellant testified that he had never seen any of the boys until he saw them at the trial.

Appellant argues that Curtain's testimony was of such nature that the jury could not have believed it, that Birnie's testimony was discredited because he professed to know nothing except as to the sale of the moonshine by appellant to which Birnie testified, and that the jury believed the testimony of the witness Robert Handley and based their conviction of appellant upon such testimony.

The record affords little basis for this argument. It is impossible to know what testimony impressed the jury—probably the jurors themselves would not have been in accord as to the degrees of credit to be given to the different witnesses. Such speculation is idle.

It clearly appears from the record herein that, in stating that he was not present in the automobile with Birnie at the time of the collision, Robert Handley was not telling the truth. We assume for the purposes of this case that Handley was present with Birnie at the time of the collision, and that he, at appellant's trial, swore falsely when he stated that he was not. In connection with his motion for a new trial, appellant submitted affidavits and made other showing practically demonstrating that Handley had perjured himself as above stated, and based his motion for a new trial in part upon such showing.

The testimony as to the subsequent actions of the three boys after the purchase of the liquor, as they testified to that act, was brought out by appellant on cross-examination of the state's witnesses. In so far as the boys testified that they purchased the liquor from appellant, their story was not proven false by later events, but simply stood before the jury, and

128

stands here, as opposed to testimony introduced by ap-. pellant to the effect that the testimony of the three boys was false. The state did not introduce evidence concerning events which transpired later in the evening or the accident which resulted so disastrously. Evidently, appellant's counsel cross-examined the state's witnesses as to these matters in an attempt to break down their testimony and destroy its effect.

It is the general rule that a witness can not be impeached upon collateral matter brought out on cross-examination. Appellant was being tried for selling liquor to a minor. Cross-examination of the three boys as to events which happened after the alleged purchase related to collateral matters; and the fact that it later appeared that Handley had committed perjury in certain of his answers to questions propounded to him by appellant's counsel on cross-examination, does not entitle appellant to a new trial. The jury may have believed the testimony of Curtain and Birnie and disregarded that of witness Handley. The fact that Birnie and Handley were afterwards convicted of manslaughter in connection with the accident above referred to, is not material. A new trial will not be granted because of such matters as are now under discussion. *State v. Gay*, 82 Wash. 423, 144 Pac. 711; *State v. Fairfield*, 140 Wash. 349, 248 Pac. 810; *State v. Dunn*, 159 Wash. 608, 294 Pac. 217. We find no error available to appellant in connection with Robert Handley's testimony and the fact that it was later demonstrated that, on his cross-examination, he had been guilty of perjury.

Appellant strenuously contends that the prosecuting attorney was guilty of such misconduct as to entitle him to a new trial. In the first place, counsel for the state in his opening statement said that Robert Handley was acquainted with appellant, had been to

his house prior to the evening in question, and had purchased liquor there. Upon objection interposed by appellant's counsel, the trial court struck the remark of the state's attorney, stating that it should not be considered, but denied appellant's motion for a mistrial. Thereupon, counsel for the state continued, saying that Handley was acquainted with appellant, knew where he lived, and had been to his house before. Appellant's counsel objected to this statement, and renewed his motion for a mistrial, which motion the court denied. Appellant contends that respondent's counsel later attempted to evade the effect of the court's ruling and brought before the jury evidence indicating that appellant had, on prior occasions, sold intoxicating liquor.

Evidence of prior offenses is sometimes admissible to show intent, but in such a case as this the intent is no part of the crime charged. *State v. Smith,* 103 Wash. 267, 174 Pac. 9; *State v. Linder,* 156 Wash. 452, 287 Pac. 16.

Evidence to the effect that Birnie, Handley and Curtain knew appellant prior to the evening upon which they testified they purchased liquor from him, does not prove that they purchased liquor from him on prior occasions. We have carefully examined the testimony in this connection, and fail to find that respondent's counsel attempted to evade the court's ruling above referred to, or that improper testimony was introduced or sought to be introduced to appellant's prejudice. The court advised the jury that statements made by counsel were not evidence, and that they should consider only the testimony of the witnesses. We must assume that the jury obeyed this instruction, and that any reference on the part of the prosecution to improper matters was not considered by the jury.

Appellant also complains of the fact that coun-

sel for the state, in arguing the case to the jury, referred to the fact that appellant claimed to be without means, at the same time admitting that he was purchasing a home, counsel also calling attention to the fact that appellant was represented at his trial by two counsel, stating:

" . . . and these counsel don't work for nothing. Both counsel are here to try to persuade you members of the jury to pass on the evidence with but one desire, for which they are recompensed, and that is that you vote not guilty.

"I will say that my position is different, because I am impartial."

Counsel for the state was vigorously prosecuting the case, and it is probable that he manifested no less interest in trying to procure a verdict of conviction than opposing counsel did in endeavoring to obtain an acquittal. Counsel's assertion of impartiality as an argument to the jury is not to be commended. The attitude of counsel should, and does, appear from his manner of conducting a trial. His own statements as to his motives carry little weight if contrary to his manner of conducting his case. No such statement or argument as we are now discussing should be made, but we can not hold that it constitutes reversible error.

Appellant also contends that, in his closing argument, the prosecuting attorney argued to the jury that the boys had, on prior occasions, visited appellant's home for the purpose of buying liquor, and complains of this argument as constituting reversible error. This portion of the argument was not taken down in shorthand by the reporter, and there is some controversy between the reporter, who made an affidavit in support of appellant's motion for a new trial, and counsel for the state, as to just what the latter did say. In his affidavit, the reporter says that counsel for the state,

"in substance and effect," made certain statements. The prosecuting attorney submits a counter-affidavit giving a slightly different version of the subject matter of his argument, expressly denying that he used the language set forth in the affidavit of the court reporter. This matter was argued to the trial court by appellant on his motion for a new trial, which motion the court denied. Careful examination of the record upon this phase of the case fails to disclose any matter which, on appeal, should be held to be reversible error.

In the next place, appellant complains of the fact that, at the noon recess on the first day of the trial, a juror, while the other eleven jurors were in the jury room, left the court room and proceeded down the main corridor of the court house toward the elevators. A bailiff, noticing the absence of one juror, pursued the wanderer and promptly brought him back to the jury room. It clearly appears that the period of his separation from the jury did not exceed three minutes. It may well have been less. There were some persons in the hall while the juror was walking therein, including some witnesses in the case. Appellant strenuously contends that these circumstances require the granting of a new trial, citing *State v. Strodemier,* 41 Wash. 159, 83 Pac. 22, 111 Am. St. 1012; *State v. Bennett,* 71 Wash. 673, 129 Pac. 409; *State v. Morden,* 87 Wash. 465, 151 Pac. 832; and *State v. Le Fors,* 115 Wash. 21, 195 Pac. 1041.

During recent years, the strict rule as to the necessity for the jury remaining absolutely together at all times has been somewhat relaxed. *State v. Harris,* 99 Wash. 475, 169 Pac. 971; *State v. Johnson,* 122 Wash. 394, 210 Pac. 774, and *State v. Stratton,* 172 Wash. 378, 20 P. (2d) 596.

In the recent case of *State v. Powers,* 152 Wash. 155, 277 Pac. 377, a situation was presented very much like

that disclosed by the record now before us. Appellant calls attention to the fact that, in the case cited, this court noted that the jurors who wandered from the fold did not mingle with the general public, contending that the circumstances here were different. While in the case at bar the juror walked down a hall in which other people were standing or moving about, his presence there was merely momentary, and we are not disposed to return to the former strict and somewhat technical rule and hold that such an incident, of itself, requires the granting of a new trial. We hold that, in the case at bar, it appears that appellant was not prejudiced either in fact or law by the circumstances referred to, and that the facts disclosed in connection therewith do not require the granting of appellant's motion for a new trial.

Appellant assigns error upon the refusal of the trial court to give certain instructions which he requested. We have examined these requested instructions, and find that they were incorrect as matters of law or were in substance given by the court.

Appellant generally assigns error upon the instructions given by the trial court, but submits no argument in support of this assignment, and we therefore disregard the same.

The record being free from reversible error, the judgment appealed from is affirmed.

TOLMAN, HOLCOMB, BLAKE, and GERAGHTY, JJ., concur.