[No. 32725.    Department One.    January 29, 1954.]

THE STATE OF WASHINGTON, *Respondent*, v. MORRIS WOOTEN, *Appellant*.[1]

¹Reported in 266 P. (2d) 342.

*Charles M. Stokes,* for appellant.

*Charles O. Carroll* and *Murray B. Guterson,* for respondent.

MALLERY, J.—The defendant appeals from a judgment and sentence for the unlawful sale of narcotics.

There was evidence that one Barbara Martin had called a pool hall, asked for "Lennie," and recognized appellant's voice when he answered the telephone. She made an appointment to meet him at 7:00 p. m. at the "same place" without making any mention of her purpose.

At the appointed time, one White drove appellant's car, which Miss Martin recognized, to Second and Cherry streets in Seattle. She got in the car, handed him some money, and received a package. Shortly thereafter two Federal agents and a city detective arrested and searched them, and seized the package, which contained heroin hydrochloride.

Appellant contended that he was not known as "Lennie"; that he was fishing at all times in question; that he had not given any package to White for delivery to Miss Martin; and that if White had delivered such a package he had done so on his own account and without the knowledge or connivance of appellant.

White took the position that he was an innocent tool and did not know what was in the package. The theory of the state was, of course, that appellant had arranged for the delivery of the narcotic by White. It was therefore necessary for the jury to determine whether White was acting on his own account or as an accomplice of appellant.

On this question, it was necessary for the trial court to instruct the jury that if they believed the evidence had proved beyond a reasonable doubt that appellant had procured the services of another person to sell a narcotic drug on his behalf, they should find him guilty of the crime charged; but if the sale was made by the other person acting

in his own behalf and not as the agent of appellant, they must acquit him. The court gave instruction No. 2, which reads:

"One who procures another's services to sell a narcotic drug on his behalf is guilty of selling such drug, even though the acts were performed by the other person."

Appellant contends that the jury may have inferred from the instruction, rather than found from the evidence, that he had procured White's services. The instruction is a correct abstract statement of the law. We agree, however, that it would sustain the inference for which appellant contends. It should therefore have contained the admonition pertaining to the evidence in the case as set out above.

■■ Appellant complains of instruction No. 6, which reads:

"One who aids, abets or assists another in the commission of a crime is an accomplice. Although the law allows a conviction upon the uncorroborated testimony of an accomplice, the law also looks upon such testimony with suspicion and regards it as coming from a polluted source. It would be your duty to scrutinize the testimony of an accomplice with great care."

Appellant contends that a juror could infer from this instruction that White was an accomplice in the crime with which appellant had been charged, thus implying that the crime charged had been committed. We repeat the need for a factual qualification as in the preceding instruction to which should be added the element of intent. It is true that criminal intent will be presumed from the act of selling narcotics without a prescription. *State v. Linder,* 156 Wash. 452, 287 Pac. 16. However, one who, without knowledge that a crime is being committed, unconsciously assists in forwarding the criminal scheme is not an accomplice, but merely an innocent agent. *Baker v. Commonwealth,* 212 Ky. 50, 278 S. W. 163; *Saied v. State,* 65 Okla. Crim. 124, 83 P. (2d) 605; *Cozine v. State,* 87 Tex. Crim. App. 92, 220 S. W. 102. The word "knowingly" should therefore be added to the instruction.

■ Appellant contends that the court erred in denying his motion to dismiss the information under RCW 10.46.010

[*cf.* Rem. Rev. Stat., § 2312] because he was not brought to trial within sixty days of the filing thereof. We have examined the record with reference to the several times this motion was presented and cannot find that the trial court abused its discretion in denying it. While awaiting trial, appellant was free on bail, and the record discloses that good cause was shown to the court for denying the motion.

Appellant further assigns error to the denial of his motion to suppress the package as evidence on the ground that it was an unlawful search and seizure. Appellant was neither searched nor present at the search. He may not be heard to complain of an alleged illegal search and seizure of the property of third persons. *State v. Funk,* 170 Wash. 560, 17 P. (2d) 11, and cases cited. See, also, annotation in 150 A. L. R. 566, 577.

The judgment is reversed, and the cause is remanded for a new trial.

GRADY, C. J., HAMLEY, FINLEY, and OLSON, JJ., concur.