[No. 198-3.    Division Three.    June 11, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. RONALD WESLEY GRAHAM, *Appellant*.

*Fred E. Porter* (of *Porter & Hopkins*), for appellant (appointed counsel for appeal).

*Lincoln E. Shropshire, Prosecuting Attorney,* and *Gary G. McGlothlen, Deputy,* for respondent.

PER CURIAM.— ■ Defendant was charged with the crime of knowingly riding in a stolen car. He appeals from a conviction, assigning as error the refusal to give the following proposed instruction:

> *You are instructed that one who assists another in the commission of a crime is an accomplice.* The law permits an accomplice to give testimony on behalf of the State and the defendant may be convicted on the uncorroborated testimony of an accomplice, where the honest judgment is satisfied beyond a reasonable doubt. The testimony of an accomplice comes from a polluted source and that while a defendant may be convicted on the uncorroborated testimony of an accomplice, still a jury should act upon such testimony with great care and caution and subject it to careful examination in the light of other evidence in the case. The jury should not convict upon such testimony alone unless, after a careful examination of it, they are satisfied beyond all reasonable doubt of its truth. [Italics ours.]

The trial judge refused to give the instruction because of the language pertaining to "polluted source." On appeal the parties differ over the propriety of this language and as to whether an accomplice instruction would have been justified under the circumstances of this case. We do not find it necessary to determine these issues because the instruction was improper for another reason.

■ In *State v. Wooten,* 44 Wn.2d 177, 266 P.2d 342 (1954), an instruction containing language identical to that italicized above was held to be an incorrect statement of the law. The court said at page 179:

> However, one who, without knowledge that a crime is being committed, unconsciously assists in forwarding the criminal scheme is not an accomplice, but merely an inno-

cent agent. [Citing cases.] The word "knowingly" should therefore be added to the instruction.

Judgment affirmed.