[No. 1017-2.   Division Two.   May 23, 1974.]

THE STATE OF WASHINGTON, *Appellant*, v. RICHARD DANA HODGE, JR., *Respondent*.

*Ronald L. Hendry, Prosecuting Attorney,* and *James M. Caraher, Deputy,* for appellant.

*Everett Holum,* for respondent.

PETRIE, J.—The defendant was found guilty by jury verdict of three counts in an information which charged (1) grand larceny (RCW 9.54.090); (2) illegal transfer of a motor vehicle (RCW 46.12.210); and (3) possession of a motor vehicle with removed identification (RCW 9.54.030). The trial court denied defendant's motion in arrest of judgment, but granted his motion for new trial, on all three counts, on the theory that certain public documents were improperly admitted into evidence at trial.

The state has appealed from the order granting the new trial; the defendant has cross-appealed from the order denying the motion in arrest of judgment. We affirm on the cross-appeal and reverse on the appeal. Accordingly, the jury verdict should be reinstated and the defendant sentenced.

The essence of defendant's cross-appeal is that in count 1 of the information he was charged with grand larceny, a felony, but under the same factual pattern he could have been charged with the misdemeanor of obtaining a vehicle by fraud, as provided by RCW 9.08.040. Count 1 of the (4th amended) information charged Mr. Hodge in the following language:

That the said RICHARD DANA HODGE, JR., in the County of Pierce, in the State of Washington, on or about the 10th day of March, 1972, did then and there being unlawfully and feloniously, having in his possession custody or control as *bailee,* servant, or agent of Bryan Perry Edwin, the owner thereof, personal property of the value of more than $75.00, lawful money of the United States, did

secrete, withhold or appropriate, the same to his own use with intent to deprive or defraud said Bryan Perry Edwin, . . .

(Italics ours.)

■ Thus, the charging part of count 1 purports to inform Mr. Hodge that he had violated subsection (3) of RCW 9.54.010.[1] Subsection (3) is this state's statutory definition of the crime of "embezzlement"—the unlawful secretion, withholding or appropriating of property of another after having initially obtained possession, custody or control lawfully. *State v. Smith*, 2 Wn.2d 118, 98 P.2d 647 (1939). By statute, "embezzlement" constitutes "larceny" in this jurisdiction. The crime occurs, not when the possession of the property is obtained, but rather, when the secreting, withholding or appropriating, of that which has been lawfully obtained, occurs. *State v. Johnson*, 56 Wn.2d 700, 355 P.2d 13 (1960).

RCW 9.08.040, on the other hand, provides in part:

Every person *who shall obtain* from another the possession or use of any horse or other draft animal or any vehicle or automobile, without paying therefor, with intent to defraud the owner thereof, . . . shall be guilty of a misdemeanor.

(Italics ours.) The essence of this crime is that the alleged perpetrator has fraudulently *induced* a bailment. *Henderson v. McCullough*, 61 Wn.2d 90, 377 P.2d 244 (1962). Thus, the crime occurs when the perpetrator unlawfully *obtains*

---

[1]RCW 9.54.010 provides, in part:

"Every person who, with intent to deprive or defraud the owner thereof—

". . .

"(3) Having any property in his possession, custody or control, as bailee, factor, pledgee, servant, attorney, agent, employee, trustee, executor, administrator, guardian or officer of any person, estate, association or corporation, or as a public officer, or a person authorized by agreement or by competent authority to take or hold such possession, custody or control, or as a finder thereof, shall secrete, withhold or appropriate the same to his own use or to the use of any person other than the true owner or person entitled thereto; or

". . .

"Steals such property and shall be guilty of larceny."

possession. In larceny by embezzlement, as charged herein, and also in a crime charged under RCW 9.08.040, bailment is a factor. The distinction, however, is that under larceny by embezzlement, as charged herein, possession of the property is initially obtained lawfully.

■ Proof necessary to establish the one crime is different from the proof necessary to establish the other. Thus, defendant's constitutionally guaranteed protection to equal rights under the law has not been breached. *Olsen v. Delmore,* 48 Wn.2d 545, 295 P.2d 324 (1956). The trial court properly denied defendant's motion to arrest judgment in count 1 of the information.

We turn then to the state's appeal from the order granting new trial as to all counts.

In order to establish a necessary element of the counts charged, the state introduced three exhibits, each of which purports to contain certified copies of records on file in the Department of Motor Vehicles. The defendant challenged the competency of the exhibits to speak for themselves. All three documents carry the imprint of the official seal of the State of Washington, Department of Motor Vehicles. All three also are signed "Lucy S. Segal." Exhibit 3 declares in part:

> I, Lucy S. Segal, do hereby certify that I am the duly appointed and acting Supervisor of the Motor Vehicles Records Section of the Department of Motor Vehicles for the State of Washington. I am the custodian of the motor vehicle records kept in the Department of Motor Vehicles for the State of Washington. I further certify that the attached are photo enlargments of the microfilm records as follows:
>
> [Then follows explanation of what three attached documents are.]
>
> I further certify that the records from which the enclosed copies were made are on file as public documents in the Department of Motor Vehicles, at Olympia, Washington.

The cover letters on exhibits 6 and 7 bear the signature of Lucy Segal on letterhead of the Department of Motor

Vehicles. In each letter Mrs. Segal certifies that attachments thereto are "Xerox" copies of specified records of the department, the originals of which are on file at Olympia, Washington. On the face of each cover letter, Mrs. Segal is declared to be the Supervisor, Motor Vehicle Records Section. There is, however, no specific declaration (as there is in exhibit 3) that Mrs. Segal is the custodian of the motor vehicle records kept by the department.

A method of authenticating domestic public documents is set forth in CR 44(a) (1):

> *An official record* kept within the United States, or any state, district, commonwealth, territory, or insular possession thereof, or within the Panama Canal Zone, the Trust Territory of the Pacific Islands, or the Ryukyu Islands, or an entry therein, when admissible for any purpose, *may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that such officer has the custody.* The certificate may be made by a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of the court, or may be made by any public officer having a seal of office or official custody of the seal of the political subdivision and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of his office or the seal of the political subdivision.

(Italics ours.) CR 44(c) provides:

> This rule does not prevent the proof of official records or of entry or lack of entry therein by any other method authorized by law.

Exhibits 3, 6 and 7 do not satisfy the requirements of CR 44(a) (1) because the rule contemplates a two-step process: (1) attestation by the party having custody and (2) certification by another party that the attesting party does have custody.

The prosecution does not even contend that the exhibits comply with CR 44(a) (1), but rather contends that the exhibits were sufficiently authenticated so as to be admissi-

ble under the provisions of RCW 5.44.040, which provides:

> *Copies of all records* and documents on record or on file in the offices of the various departments of the United States and *of this state,* when duly *certified by the respective officers having by law the custody thereof,* under their respective seals where such officers have official seals, *shall be admitted in evidence* in the courts of this state.

(Italics ours.)

■ The defendant's contentions appear to be: (1) CR 44 is now the exclusive method for authenticating a public record; (2) even if RCW 5.44.040 is available as a method of authenticating a public record of this state, the director of the department, and not the supervisor of the motor vehicle records section, must be the certifying party to a copy of a public record before it may be introduced into evidence. We disagree with both contentions advanced by the defendant.

Ordinarily, when a procedural rule has been promulgated, "all laws in conflict therewith shall be and become of no further force or effect." RCW 2.04.200. *State v. Taylor,* 83 Wn.2d 594, 521 P.2d 699 (1974). CR 44(c), however, specifically preserves authentication "by any other method authorized by law." This has recently been interpreted as preserving another "mode of proof," such as identification by the actual testimony of the custodian of the records. *State v. Stephens,* 83 Wn.2d 485, 519 P.2d 249 (1974). Further, a slightly variant prior wording of CR 44(c) has been interpreted as specifically preserving authentication by means of RCW 5.44.040. *State v. Kelly,* 52 Wn.2d 676, 328 P.2d 362 (1958).[2]

We hold that RCW 5.44.040 has not been superseded by CR 44.

Defendant's contention that Lucy Segal is the improper

---

[2]At the time *Kelly* was decided, the forerunner of CR 44(c) preserved proof "*'by any method authorized by an applicable statute.'*" The present wording is designed to extend, not restrict, the other methods of proof. *See* Notes of Advisory Committee on Rules, 28 U.S.C.A. 287 (1968).

party to certify these documents is somewhat more difficult to dispose of. She has clearly and unequivocally asserted in exhibit 3 that she is "the custodian of the motor vehicle records kept in the Department of Motor Vehicles for the State of Washington." On the other hand, RCW 46.01.250 provides, in pertinent part:

> The *director shall have the power* and it shall be *his duty* upon request and payment of the fee as provided herein *to furnish under seal of the director certified copies* of any records of the department, except those for confidential use only.

(Italics ours.)

The "seal of the director" referred to in the statute is clearly the "official seal" of the *department* authorized by RCW 46.01.170. All of the exhibits bore the imprint of this official seal. Furthermore, Lucy Segal's affidavit is really a declaration that she is the party to whom the director has delegated responsibility for custody of motor vehicle records which the department is by law required to maintain. The defendant's real contention, therefore, is that the director may not, and has not, delegated custodial responsibility to a subordinate employee.

When the director is required to exercise a discretionary power, he may not delegate that power to a subordinate. *Ledgering v. State,* 63 Wn.2d 94, 385 P.2d 522 (1963). However, administrative processes would come to an abrupt halt if the director had no authority to delegate to a subordinate at least those custodial responsibilities which are necessary to certify the accuracy of copies of records which the department regularly maintains in the performance of its statutory responsibilities. We hold, therefore, that the director of the Department of Motor Vehicles does have authority to subdelegate to another the custodial responsibilities which the legislature has delegated to him, to the extent that a designated subordinate may be authorized to certify the accuracy of departmental records.

The question remains whether or not the director

*has*, in fact, delegated that authority to Lucy Segal, or more significantly, to the Supervisor, Motor Vehicle Records Section. Mrs. Segal averred that she had that authority, the documents all bear the official seal of the department, and two of the cover letters are typed on official stationery of the department. In the absence of evidence to the contrary, we are required to presume that public officers perform their duties properly, legally and in compliance with statutory provisions. *Ledgering v. State, supra.* Under these circumstances, the act of the subordinate is the act of the director for which the director is responsible. *State ex rel. Havercamp v. Superior Court,* 101 Wash. 260, 172 P. 254 (1918). The certificate of Mrs. Segal not only verifies the accuracy of the copy of the original record, it also (when accompanied by the department's official seal) provides sufficient authenticity to establish the documents as prima facie evidence of the official record on file in the department without any necessity for extrinsic evidence. *See State v. Courser,* 199 Wash. 559, 92 P.2d 264 (1939); *State v. Johnson,* 122 Wash. 394, 210 P. 774 (1922).

Exhibits 3, 6 and 7 were properly admitted into evidence. The order of the trial court, insofar as it granted defendant's motion for retrial, is reversed. Insofar as the order denied defendant's motion in arrest of judgment, it is affirmed. This matter is remanded with direction to reinstate the jury verdict and to proceed to sentence.

PEARSON, C.J., and ARMSTRONG, J., concur.

Petition for rehearing denied June 10, 1974.

Review denied by Supreme Court September 25, 1974.